STATE OF MISSOURI, Respondent, v. GEORGE TAYLOR, Appellant.

Kansas City Court of Appeals, April 5, 1915.

INDICTMENTS AND INFORMATIONS: Nunc Pro Tunc: Plea of Guilty: Judgment. A defendant pleaded guilty and the memoranda of judgment on the judge's docket and the clerk's minutes was "Plea of guilty, fine one dollar and costs, stay of execution for sixty days." It was *held*, that this was sufficient data for correction by *nunc pro tunc* order, making the judgment include commitment as provided by statute if the fine and costs were not paid.

Appeal from Adair Circuit Court.—*Hon. C. D. Stewart*, Judge.

AFFIRMED.

*W. F. Frank* and *Edward Higbee* for appellant.

*J. A. Cooley* and *J. A. Reiger* for respondent.

ELLISON, P. J.—Defendant was prosecuted on information before a justice of the peace and convicted of disturbing the peace of a family. He appealed to the circuit court. In the latter court he entered a plea of guilty. The Judge's docket and the entry by the clerk of the minutes each reads as follows: "Plea of guilty, fine of one dollar and costs. Stay of execution for sixty days." On the regular judgment record the following judgment was written:

"State of Missouri v. George Taylor. Comes now the defendant herein and enters his plea of guilty and the court assesses his punishment at a fine of one dollar and costs. It is therefore ordered and adjudged that the State recover of the defendant the said fine and costs, and that he be granted a stay of execution for sixty days."

Defendant failed to pay the judgment or costs, and at the next term the State filed a motion to correct this judgment *nunc pro tunc* by adding that if defendant failed to pay the fine and costs he be committed to jail as is provided by section 5276, Revised Statutes 1909. The trial court sustained that motion and defendant appealed. The parties agree that, properly, to comply with the statute, the judgment should have included an order of commitment. But defendant insists that no matter what should have been—no matter what error the court may have committed, it cannot be made right by supplying a judgment, or part of a judgment, the court did not, in fact, render. That is the general rule. [Burnside v. Wand, 170 Mo. 531; Burns v. Sullivan, 90 Mo. App. 1.] But, when a judgment is rendered and the statute directs what it shall be, it will be presumed the judgment rendered (the record showing nothing to the contrary) included, or

embraced, that which the statute directed should be a part of it and that its omission was the fault of the clerk. [Saunders v. Scott, 132 Mo. App. 209, 213; Burns v. Sullivan, supra.] In the first of these cases, there was omitted from the judgment as recorded by the clerk, a provision for recovery of costs, which the statute directs shall be included in judgments, and it was held that the judgment being entered in favor of the prevailing party, that fact was sufficient data to justify a *nunc pro tunc* order making it include a recovery of costs. This view is recently stated by the Supreme Court in Montz v. Moran (not yet reported); 172 S. W. 613. In the case before us the record shows a judgment of conviction and that an execution (though it was to be stayed for sixty days) was included in that judgment. This data, supplemented by the statute showing the only judgment which could have been rendered, seems ample support for the ruling of the trial court and the judgment will be affirmed. All concur.