PIERCE ET AL. *v*. ELLIS.

[No. 14,295. Filed May 6, 1931.]

*Frank E. Gilkison,* for appellants.

*Herman L. McCray, Edward J. Boleman, Burrell Wright* and *Jacob S. White,* for appellee.

KIME, J.—This was an application for compensation by the appellants as dependents of an employee of the appellee. Following an adverse finding by a single member, the appellants here had the finding and order reviewed by the full board. On November 5, 1930, the full Industrial Board of Indiana entered upon its records the following finding and order:

"The full Industrial Board of Indiana having heard the argument of counsel and having reviewed the evidence and being thereby duly advised in the premises, finds for the defendant on plaintiffs' application herein.

## ORDER.

"It is therefore considered and ordered by the full Industrial Board of Indiana that the plaintiffs take nothing by their application herein.

"It is further ordered that the plaintiffs pay the costs of this proceeding.

"Dated this 5th day of November, 1930."

On January 12, 1931, without assigning any reason therefor, the full board entered what they called a "corrected award." This so-called "corrected award" is nothing more nor less than a detailed special finding of facts.

On January 23, 1931, the appellants filed their assignment of errors, which, omitting the formal parts, is as follows: "That the award of the full board made herein is contrary to law."

The awards or orders, as they are denominated by the board, are identical, except, in the last one, there is no order that appellants pay the costs. The appellants do not say which award they are appealing from.

Appellee filed a motion to dismiss because the appeal was not taken within 30 days from the date of the original award by the full board.

The Industrial Board of Indiana is purely the creature of legislative action, and any powers it has are necessarily derived from the statute creating it.

The board, in its proceeding on November 5, 1930, "finds for the defendant on plaintiff's application herein." Whether or not this is a sufficient "finding of the facts on which it is based" is not before us in this proceeding. What the board must necessarily find where it denies an award of compensation has not been laid down by this court. Conceding, for the purpose of illustration, that this finding is not sufficient, the ap-

pellants had a remedy by appeal wherein that question could have been raised and presented to this court for determination.

We must presume that what the board was attempting to do here was, in effect, to correct its records by a *nunc pro tunc* entry. They do not have this authority by the statute. Whether or not they have it in any event is not here decided; that is not necessary to a determination of this motion to dismiss. Granting, for the purpose of this illustration, that they have that power, they could only have entered it as of the date of November 5, 1930. A *nunc pro tunc* entry relates back to the time when the entry should have been made. The only effect this "corrected award" could have had was to enter the amplified finding as of date of November 5, 1930.

A *nunc pro tunc* entry correcting the record does not have the effect of extending the time for taking an appeal. The only question before us is: Was this appeal taken "within 30 days from the date of such award?"

The time within which an appeal must be taken begins to run from the date of the "award" and not from the date of any so-called "corrected award." The action of the Industrial Board of Indiana from which an appeal may be taken is the original and only award which the statute contemplates. *Anderson, Admx.,* v. *Mitchell* (1877), 58 Ind. 592; *Chamberlain* v. *City of Evansville* (1881), 77 Ind. 542; *Chissom* v. *Barbour* (1885), 100 Ind. 1; *Mayer* v. *Haggerty* (1894), 138 Ind. 628, 38 N. E. 42.

It therefore follows that the motion to dismiss must prevail, and this appeal is dismissed at the costs of the appellants.