In the Matter of the ESTATE of Floyd Ruben GROOMS, Deceased.

Edward B. GROOMS, (Movant) Appellant,

v.

Maxine GROOMS, Administratrix of the Estate of Floyd Ruben Grooms, Deceased, Respondent.

No. 31409.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1963.

William L. Pannell, Pannell & Hess, Festus, for appellant.

Harry L. C. Weier, Dearing, Richeson & Weier, Hillsboro, for respondent.

WILLIAM M. KIMBERLIN, Special Judge.

This is an appeal from a judgment of the Circuit Court of Jefferson County, Missouri, wherein that Court set aside the order of the Probate Court of Jefferson County, Missouri, sustaining a motion of Edward B. Grooms, movant-appellant, to correct the Probate Court's record concerning the filing of a duplicate copy of petition and executed copy of summons.

The basic facts are not in dispute and the Court will state only sufficient facts to present the issues involved.

Edward B. Grooms, movant-appellant, on April 17, 1958, was riding as a passenger in an automobile being driven by Floyd Ruben Grooms when this automobile was involved in a collision with another automobile. Floyd Ruben Grooms was killed in the collision. Edward B. Grooms, on July 6th, 1959, filed a personal injury suit against Maxine Grooms, as administratrix of the Estate of Floyd Ruben Grooms, deceased, et al. Maxine Grooms previously had been appointed administratrix of the Estate of Floyd Ruben Grooms, Deceased, on January 2nd, 1959. Publication of Letters of her appointment was duly made, the first publication being made on February 5, 1959. A copy of the petition and summons was served on Maxine Grooms, as Administratrix. The other defendants were served likewise.

Additional facts were agreed to by the parties as follows:

"That no record of the filing of the petition with duplicate copy of the summons showing service on the said Administratrix, can be found in the Probate Court file No. 1836, being the file of the estate of Floyd Ruben Grooms, deceased, nor is there any record of such filing in the official Minute Book of the Probate Court of Jefferson County, nor does a record of such filing appear in any other record of said Court.

"That because no written memorandum exists showing or indicating filing of the said petition and copy of said summons in any record of the Probate Court of Jefferson County, the appellant herein would object to the testimony of the said W. L. Pannell as outlined in Paragraph 5 hereof.

"That if W. L. Pannell, attorney for movant, were allowed to testify, his testimony would be that on or about August 20, 1959, a copy of the petition and a copy of the summons showing

service on the defendant, Maxine Grooms, Administratrix, referred to hereinabove, were filed in the Probate Court of Jefferson County, Missouri, by handing a copy thereof to Mrs. Revia Peppers, Clerk of the said Court at said time, at her Office in Hillsboro, Missouri."

The failure to give notice of the institution of the suit against the Administratrix by filing notice in the Probate Court within nine months from the date of the first published notice of letters was raised by Maxine Grooms, Respondent herein. She filed a motion to dismiss the petition in the personal injury suit for the reason the cause of action was barred under Section 473.360 V.A.M.S., Laws of 1957. Cases interpreting this and other sections pertaining to non-claim statutes are North v. Hawkinson, Mo., 324 S.W.2d 733; Clarke v. Organ, Mo., En Banc, 329 S.W.2d 670; Smith v. Maynard, Mo., En Banc, 339 S.W. 2d 737.

Thereafter Edward B. Grooms filed a motion in the Probate Court of Jefferson County, Missouri, to correct the Probate Court record and to establish as a matter of record the filing of a copy of the petition and duplicate copy of the summons attached thereto in said Court on or about August 20th, 1959. The Judge of the Probate Court on January 19th, 1962, sustained this motion to correct the record. It was ordered, adjudged and decreed that the record of the Court be corrected to show that a duplicate copy of the petition and executed copy of the summons was filed in said Court on August 20th, 1959.

Thereafter an appeal was duly perfected to the Circuit Court of Jefferson County, Missouri, and an agreed statement of facts substantially as set forth herein was submitted to the Honorable Edward T. Eversole, Circuit Judge of Jefferson County, Missouri, who set aside the order of the Probate Court and directed said Court to remove the copy of the petition and executed copy of the summons from the file and

further ordered the entry of filing on August 20th, 1959, be stricken from the record of the Probate Court. The Movant, Edward B. Grooms, appealed from said judgment to this Court.

■ The ultimate issue to be decided by this Court is the validity of the nunc pro tunc order of the Probate Court of Jefferson County, Missouri, entered January 19th, 1962. This depends upon whether there was adequate and sufficient evidence before the Probate Court to support the entry. As it was agreed in the stipulation of facts filed in the Circuit Court there was no record of the filing of the petition and copy of summons showing service on the Administratrix in the Probate Court file of the Floyd Ruben Grooms Estate. Nor is there any record of such filing in the official minute book of the Probate Court nor does any record or written memorandum appear of the filing in any other record of the Court. The sole and only evidence to support this nunc pro tunc order was the oral testimony of Mr. W. L. Pannell, attorney for Movant, to which an objection was lodged, to the effect that he handed a copy of these instruments to Mrs. Revia Peppers, Clerk of the Probate Court of Jefferson County, Missouri. Is this adequate and sufficient evidence to support the order? It is the view of this Court, based upon the prevailing law of Missouri, that it is not.

■ It is settled law in Missouri that nunc pro tunc entries cannot be predicated solely on parol evidence. This well established principle has been announced a number of times in both the Supreme Court and the Court of Appeals of this State. State v. Kitchin, Mo., 282 S.W.2d 1; State v. Libby, 203 Mo. 596, 102 S.W. 641, 642; Burton v. Burton, 288 Mo. 531, 232 S.W. 476, 477; Doerschuk v. Locke et al., 330 Mo. 819, 51 S.W.2d 62. This Court has announced this principle in two cases of rather recent origin. In the case of Wegman et al. v. Fendelman et al., Mo.App., 333 S.W.2d 290, it was held that parol evi-

dence cannot be considered in ruling upon a motion to correct a record nunc pro tunc. There must be some record, either in the minutes of the Judge, the Clerk's entries or in some paper in the cause authorizing the correction.

The other case, Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, reiterates and approves this same legal axiom, and states in the opinion, at l. c. 682, as follows:

"We have shown that before a judgment may be corrected nunc pro tunc there must be some record either in the minutes of the judge, the clerk's entries, or in some paper in the cause authorizing the correction. An order nunc pro tunc cannot be based upon the judge's recollection of what took place or upon parol evidence. Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 126 A.L.R. 949; Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62; Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 10 S.W.2d 914; E. C. Robinson Lumber Co. v. Hazel, Mo. App., 271 S.W.2d 610."

Movant-appellant in his brief seems to recognize this well established doctrine, but contends it is against the majority rule as followed by our sister states and also that it denies substantial justice. A similar argument was advanced in the Wegman case, supra, but it was ably answered by this Court, saying at 333 S.W.2d l. c. 296:

"Counsel for defendants' arguments are able, but they have been advanced in one form or another in earlier cases. The rule in this state is contrary to their contention, and has been so for a considerable time, as defendants themselves admit in their brief. Regardless of the merit of these arguments, this is not the proper forum for their advancement. The Supreme Court of this state has held to the contrary, Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, and the decisions of that court are binding upon us.

Constitution of Missouri, 1945, art. V, Sec. 2. It follows that parol evidence cannot be considered in determining whether or not this record may be corrected by a nunc pro tunc proceeding."

The Missouri law is clear, concise and well established that parol evidence, standing alone, is not adequate and sufficient to support a nunc pro tunc order and we feel it is unnecessary to prolong this opinion by further explanation. In the case at bar the sole and only evidence before the Probate Court of Jefferson County, Missouri, upon which that Court could predicate its nunc pro tunc entry of January 19th, 1962, was the oral testimony of Mr. W. L. Pannell to the effect that he had handed a copy of these instruments to the Probate Clerk. The order was clearly erroneous and invalid. The judgment of the Circuit Court of Jefferson County, Missouri, was correct and proper in setting it aside.

Therefore, the judgment of the Circuit Court should be and is hereby affirmed.

RUDDY, P. J., and WOLFE, J., concur.