**CITY OF FERGUSON, Respondent,**

v.

**Edward J. NELSON and Dorothy J. Nelson, Appellants.**

No. 53434.

Supreme Court of Missouri, Division No. 2.

March 10, 1969.

Carleno & Nick, Ferguson, for respondent-plaintiff, City of Ferguson.

Lester W. Duggan, Jr., O'Fallon, for appellants.

HENRY I. EAGER, Special Commissioner.

This appeal arises out of proceedings against the defendants for violations of ordinances of the City of Ferguson. They were found guilty and appealed. The circuit court also found them guilty and imposed fines; later, by nunc pro tunc entry, it added provisions for imprisonment. This appeal was taken after the latter order was made. We shall need to state the facts more specifically.

The residence of defendants was on a corner lot; its front faced Robert Avenue on the south, while its left side faced Elizabeth Avenue on the east. On or about

May 7, 1965, defendants constructed a chain link fence 42 inches high extending from about the southeast corner of the house east to within 6 feet of the property line on Elizabeth Avenue, thence northerly along Elizabeth Avenue to the rear part of the lot, and thence westerly into the interior of the lot. The material point is that the fence was erected and maintained on a line along Elizabeth Avenue from 4½ to 6 feet from the property line. The ordinances in question were and are parts of Ferguson's Zoning Law; they were then designated as Sections 32–17, 32.7 and 32.1. Essentially (so far as we are concerned) they provided that a corner lot should be considered as having a front yard of not less that 30 feet on each street, that no accessory building should protrude beyond that line and that no fence should be constructed within any such "required front yard." A "fence" was defined in detail, and exceptions were made for open mesh fences enclosing "an institution, a public park," or any of certain other public or commercial uses. Defendants had previously applied, in June, 1963, for a permit to build the fence and their application had been denied by the Director of Public Works. On appeal from that denial the Board of Adjustment had upheld the order after a hearing, and no further review was sought.

On May 25, 1965, a complaint was filed charging defendants with the erection of the fence; on June 2, 1965, a series of 26 additional complaints were filed; each charged defendants with unlawfully maintaining the fence on a designated date between May 9, 1965 and June 2, 1965. The cases were all consolidated and heard in the Municipal Court on June 24, 1965, on pleas of not guilty; the court found defendants guilty on all complaints and assessed their punishment at a fine of $10.00 on each separate charge, for a total of $270.00. No reference was made to any imprisonment. Defendants duly appealed all the charges to the Circuit Court. The appeals were there designated as two cases, but they were consolidated for trial.

On March 29, 1966, and prior to the Circuit Court hearing, defendants filed Motions to Dismiss in each case. In addition to other objections, they alleged that the ordinances violated sundry constitutional rights, including due process, the provision against the taking of property for public use without compensation, and the right of equal protection. For reasons which will be apparent later, we shall not elaborate upon those allegations. Defendants also filed a motion to stay the proceedings on account of the pendency of a suit which they had filed in equity seeking a review of the action of the Board of Adjustment. The court heard the whole matter upon stipulations and exhibits. At the conclusion of the hearing the court noted that if it became "pertinent" the defendants would later offer evidence in support of their claim that the City had not enforced the ordinance uniformly, and that the City would then be permitted to offer "rebuttal evidence." This hearing was held on March 30, 1966 and the causes were then taken under advisement.

On January 16, 1967 the Circuit Court entered its judgment in each of the two cases; it found defendants guilty on each complaint and assessed a fine of $10.00 on each; in each cause it assessed interest at 6% "from this date" and it also assessed the costs against defendants and granted a stay of execution for 10 days. In each judgment it was ordered that plaintiff "have and recover of said defendants" the appropriate sums. No reference was made to imprisonment in either judgment, nor was any reference thereto made at the hearing or at any place in the record prior to the judgments.

Defendants filed detailed motions to set aside the judgments, or for a new trial, or to reopen the judgments and hear evidence. These motions were overruled on March 10, 1967, counsel for defendants having agreed by letter that they be submitted without argument. No appeal was taken within ten days thereafter. On July 12, 1967 the City filed its motions (one in each cause)

to correct the judgments of January 16, 1967 nunc pro tunc by adding thereto the following: "That on default of the payment of the fine and costs the defendants shall be imprisoned in jail until discharged in due course of law." The motions asserted that § 546.830, RSMo 1959, V.A.M.S. "directed and provided for" such imprisonment upon failure to pay the fines imposed, and that the fines had not been paid; also that no appeal had been taken from the original judgments.

On September 25, 1967 defendants filed in this court their application for leave to file notice of appeal out of time from the original judgments of January 16, 1967. That application was denied on October 9, 1967 as "not timely filed." On October 23, 1967 the Circuit Court sustained the motions of the City for nunc pro tunc orders and entered in each case an amended judgment assessing the same fines and interest, assessing "one half costs against each defendant," and adding to each of the prior judgments the following: "If said fine and costs are not paid within said ten days, the said defendants may be imprisoned until said fine and costs are paid, and one day for each $5.00 of said fine and costs assessed as aforesaid, or until said defendants be otherwise discharged by due course of law." In the second case the word "fines" was substituted for "fine." On October 30, 1967, defendants filed a notice of appeal in the consolidated causes in which they purported to appeal from the judgments entered on the 16th of January 1967, and the amendments of October 23, 1967.

The claim of jurisdiction in this court is based solely on the fact that questions of constitutional construction are presented. Defendants rely on their presentation of such questions in their Motions to Dismiss filed in the Circuit Court and the preservation of such questions thereafter. The City says that there was no timely appeal from the original judgments, that the application for an untimely appeal was denied in this court, and that the only question properly on appeal is the propriety of the nunc pro

tunc orders of October 23, 1967. Further, it says, the making of the nunc pro tunc orders did not extend the time for appeal, and that no constitutional questions are preserved.

■ The first question which we must consider, although on our own motion, is whether the defendants waived the constitutional questions by not raising them affirmatively in the municipal court. Our court has said many times that constitutional questions must be raised at the earliest opportunity consistent with good pleading and orderly procedure, and thereafter preserved at all stages. State v. Brookshire, Mo., 325 S.W.2d 497; State v. Johnstone, Mo., 335 S.W.2d 199; State v. Meiers, Mo., 412 S.W.2d 478. We have not held, so far as we have found, that such questions must be raised affirmatively in a municipal or police court, although that practice is sometimes followed. Kansas City v. Hammer et al., Mo., 347 S.W.2d 865. No pleadings are required there, such matters are tried de novo on appeal, and many of our municipal judges are not lawyers. Under these circumstances we hold that there was no waiver. Defendants did file extensive motions to dismiss in the Circuit Court raising the various constitutional questions. In City of Frankford v. Davis, Mo.App., 348 S.W.2d 553, the court noted in holding that no constitutional issues were involved, that the question had not been raised either in the police court or the circuit court, but that is not our situation. We hold here in any event, that the constitutional questions were not so waived.

■ We are still confronted with the question of whether the issue of the constitutionality of the ordinances is still in the case in view of the failure to appeal from the original judgments. In order to determine this we shall be required, of necessity, to determine the validity and effect of the nunc pro tunc orders and judgments of October 23, 1967. It is conceded that a timely appeal was taken from those orders. In this connection we note that the City insists that those proceedings

and orders constituted separate and independent cases, and that the entry of the new judgments did not extend the time for appeal from the original judgments. Counsel for the City thus cite: 21 C.J.S. Courts § 227, p. 427; Pierce v. Ellis, 92 Ind.App. 445, 176 N.E. 31, and Mayer v. Haggerty, 138 Ind. 628, 38 N.E. 42. This may be true, but the point becomes rather academic in view of our subsequent conclusions. We note here, however, that in McDaniel v. Lovelace, Mo.App., 392 S.W.2d 422, the St. Louis Court of Appeals held that a nunc pro tunc order correcting prior proceedings in a jurisdictional respect was a final judgment in a case and thus was appealable; also that the nunc pro tunc proceedings were independent proceedings. In Farrell v. DeClue, Mo.App., 365 S.W.2d 68, an appeal from a nunc pro tunc order was sustained and the order "held for naught," l. c. 75. While we are unwilling to hold, as a blanket proposition, that all nunc pro tunc orders constitute separate, independent causes or judgments, we do hold without any serious question that these orders were such and that they were appealable. They inserted new and burdensome provisions into the original judgments after the time for appeal from the original judgments had passed.

This brings us to a consideration of the propriety, validity and effect of the nunc pro tunc orders. It is universally held that the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken. W. F. Sebel Co. v. Hessee, CA10–214 F.2d 459; In re Gordon's Est., Ind. App.Banc, 108 N.E.2d 643; Schneider v. Schneider, 147 Kan. 621, 78 P.2d 16; American Surety Co. of New York v. Mosher, 48 Ariz. 552, 64 P.2d 1025; Simmons v. Atlantic Coast Line R. Co., D.C.S.C., 235

F.Supp. 325; Metropolitan Trust Co. v. Young, 346 Ill.App. 257, 104 N.E.2d 850; Magoun v. Walker, 286 Mich. 686, 282 N.W. 868; Gunia v. Morton, 175 Neb. 53, 120 N.W.2d 371; Oden Construction Co. v. Helton, 218 Miss. 41, 65 So.2d 442; Bowling v. Evans, 266 Ky. 242, 98 S.W.2d 916. This principle has been firmly recognized in Missouri. State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945; Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675; Farrell v. DeClue, Mo.App., 365 S.W.2d 68; Jeans v. Jeans, Mo.App., 314 S.W.2d 922; Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W.2d 14; Schenberg v. Schenberg, Mo.App., 307 S.W.2d 697; Spivack v. Spivack, Mo.App., 283 S.W.2d 137. Thus, a nunc pro tunc order may not be made "to supply a judicial omission, oversight or error, or to show and set forth what the court might or should have done, as distinguished from what it actually did." Hamlin, supra, citing authorities including Freeman on Judgments, 5th Ed. § 141, where it is said that a court's error in omitting to include something in issue which it *intended* to dispose of but did not, is a judicial error which may not thus be corrected. In Aronberg, supra, the court held specifically that such an order may not be used to render a judgment different from the one actually rendered, even though that judgment was "not the judgment the judge intended to render" (316 S.W.2d l. c. 681, citing cases). See also Farrell v. DeClue, Mo.App., 365 S.W. 2d 68, l. c. 72, to precisely the same effect. Our courts have held that orders or judgments violating these principles are void.

It is also very clear that, in order to justify an order nunc pro tunc, there must be some basis in the record for the making of the order, such as minute entries of the judge or clerk or a paper filed in the cause. Turpin, Aronberg, supra; E. C. Robinson Lumber Co. v. Hazel, Mo.App., 271 S.W.2d 610 (citing many authorities); In re Grooms' Estate, Mo.App., 370 S.W. 2d 709; Wegman v. Fendelman, Mo.App., 333 S.W.2d 290.

■ The city takes the position that the original judgments omitted an essential element, namely, a provision for imprisonment upon default in payment of the fines. It cites § 98.020, RSMo 1959, V.A.M.S.,[1] which provides in essence that if a defendant is convicted upon appeal from a police court and fails or refuses to pay the costs and fine assessed, the fine and costs may be collected as if no appeal had been taken, and defendant may be committed to a workhouse or compelled to work out the fine and costs. That statute does not purport to dictate the contents of a judgment of the circuit court finding a defendant guilty; whether it permits these defendants to be confined upon nonpayment of the fines without any specific order for imprisonment is a question not now before us. That statute constitutes no basis for a nunc pro tunc order here. Rule 37.1170 of our traffic case forms, also cited, merely provides the form for an execution and warrant for the enforcement of a judgment imposing a fine *and* sentence of imprisonment. It is not applicable here.

■ The City further cites and relies on § 546.830 which is as follows: "Imprisonment for misdemeanor. Whenever any defendant shall, on a conviction, be sentenced to imprisonment in a county jail, or to pay a fine, he shall be imprisoned until the sentence is fully complied with and all costs paid, unless he be sooner discharged in the manner provided in section 546.850." Counsel say in substance that this statute requires the judgment of conviction in cases such as these to include a provision for imprisonment if the fines and costs are not paid. The statute is not so worded; rather, it seems to provide for the *result* which shall follow a judgment imposing 'either a fine or imprisonment or both. But more significantly, we note, the section is a part of (and has been since at least 1909, § 5276, R.S.1909) our general Title 37 on Criminal Procedure, and specifically Chapter 546 thereof which deals with "Trials,

Judgments and Executions in Criminal Cases." The section obviously refers only to state prosecutions, either for misdemeanors or mixed felonies. It refers to "a county jail"; it is interspersed between sections which clearly concern only state prosecutions; and there is nothing in the wording of the statute which indicates that it should have any broader application. Section 98.-020, already referred to, provides that appeals·from· police courts for violations of ordinances "shall be in the nature of a criminal appeal from a magistrate." And see Kansas City v. Martin, Mo.App., 369 S.W.2d 602. Taking that sentence in its context, it clearly means that the *procedure* on such appeals shall be conducted as in criminal appeals from a magistrate. We are not dealing here with procedure, but with the substantive content of judgments and specifically the imposition of imprisonment. The City has not referred us to any ordinance requiring that upon conviction the judgment shall contain a provision for imprisonment if a fine imposed is not paid.

The City has cited the case of: Ex Parte Campbell, Mo.App., 197 S.W. 1058, and, indirectly, State v. Taylor, 188 Mo.App. 271, 175 S.W. 130. To these we may add the case of State v. Davis, Mo.App., 220 S.W. 515. These are cited as indicating that the predecessor statute of § 546.830 (§ 5276, R.S.1909) required that a judgment imposing a fine contain also a provision for imprisonment upon nonpayment of the fine and costs, and that a nunc pro tunc order or judgment might be entered to add such a provision. We note first that much of the language in Campbell, supra, (relied upon principally) is actually contrary to the result finally adopted, and that the opinions are therefore somewhat confusing. However, we need not analyze those cases further, for they were all *state prosecutions* to which the criminal statutes strictly applied, including the then § 5276, R.S.1909. We hold that § 546.830 is not applicable to these cases or to· the judgments of January 16, 1967.

1. [All statutory references will refer to this revision unless stated otherwise.]

We have often said that an action for the violation of a city or town ordinance is to be regarded as a civil action for the recovery of a penalty, and that it is not a prosecution for crime. City of St. Louis v. Flynn, Mo., 386 S.W.2d 44; City of Webster Groves v. Quick, Mo., 319 S.W.2d 543; Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304; Kansas City v. Plumb, Mo.App., 419 S.W.2d 457. This is true, although at times such a case may take on certain of the aspects of criminal procedure. City of Ava v. Yost, Mo.App., 375 S.W.2d 884. This latter statement is wholly consistent with the first sentence of § 98.020 to which we have already referred. The general nature of such proceedings confirms our view that § 546.830, which is strictly a substantive criminal statute, does not apply to these judgments.

The power of a court to correct a judgment by nunc pro tunc entry should be used "with caution," and sparingly. Pulitzer Publishing Co. v. Allen, 134 Mo.App. 229, 113 S.W. 1159, 1160. Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675, 21 C.J.S. Courts § 227, pp. 426–427; Council v. Commonwealth, 198 Va. 288, 94 S.E.2d 245, 248. And the burden rests upon the movant to show "by competent evidence" that a different judgment was in fact rendered, Aronberg, supra. If we should be in error in our construction of the statutes which we have discussed, nevertheless the failure of the court to include a provision for imprisonment in the judgments would be mere error, which is not to be corrected by nunc pro tunc proceedings. There is *nothing* in this record to show that the trial court *actually rendered* any judgment and sentence of imprisonment, and there was no basis in the record for the nunc pro tunc judgments. They are wholly ineffective, and indeed are void. We repeat, however, that we are in no way limiting the action which may hereafter be taken under the original judgments.

At the time defendants took their appeal from the nunc pro tunc judgments it was entirely too late to appeal from the original judgments. The nunc pro tunc entries, being separate proceedings, and moreover void, did not operate to extend the time for an appeal from the original judgments, and the present appeal is wholly ineffective for that purpose. We have, therefore, no substantive questions before us on the constitutional validity of the ordinances, although it has been necessary to go thus far in order to determine that issue; and, since we have essentially ruled on the merits of the case by foreclosing the attack on the ordinances, it is wholly unnecessary now to transfer the case to the Court of Appeals for the lack of a remaining constitutional issue. The bona fide contention of an existing constitutional question gave us jurisdiction to proceed as we have.

Defendants also assigned error in the failure of the court to hear evidence before overruling their motions to set aside the original judgments or for a new trial. In addition to the fact that such matters ordinarily rest in the discretion of the trial court, that point is foreclosed now for the very simple reason that no valid appeal has been taken from those judgments.

The nunc pro tunc judgments are reversed and set aside. The pretended appeal from the judgments of January 16, 1967, is dismissed.

PER CURIAM.

The foregoing opinion by HENRY I. EAGER, Special Commissioner, is adopted as the opinion of the Court.

All of the Judges concur.