**L.R. OTH, INC., d/b/a Lakeside Builders, Plaintiff–Respondent,**

v.

**James E. ALBRITTON, d/b/a Ed's Carpet Cleaning & Landscaping, Defendant–Appellant.**

No. 24968.

Missouri Court of Appeals, Southern District, Division One.

Dec. 10, 2002.

Michael A. Carter, Phillips, McElyea, Carpenter & Welch, PC, Camdenton, for defendant-appellant.

John R. Geiss, Law Office of Robert J. Hayes, St. Louis, for plaintiff-respondent.

KERRY L. MONTGOMERY, Presiding Judge.

James E. Albritton d/b/a Ed's Carpet Cleaning & Landscaping (Defendant) appeals a judgment of $35,000 based on Count I of Plaintiff's petition. Our *sua sponte* review reveals that we do not have jurisdiction. Therefore, the appeal must be dismissed.

Plaintiff filed a two-count petition against Defendant. Plaintiff denominated the first count as one for "Indemnity" and the second count as one for "Breach of Contract."

In Count I, Plaintiff alleged Defendant was an employer subject to the workers' compensation law of this state; that on the date of Victor Byard's injury, he was Defendant's employee and injured while working on Plaintiff's premises; that Defendant and his employees were performing work under a contract with Plaintiff which was incidental to Plaintiff's usual course of business; that Defendant failed to insure his liability under the workers' compensation law and failed to provide such benefits to Byard; and that Plaintiff, as the statutory employer of Byard, was required to pay him $35,000 in benefits. Plaintiff sought to be indemnified for this expenditure.

In Count II, Plaintiff alleged that the parties entered into a contract whereby Defendant agreed to carry a workers' compensation liability policy insuring his employees and that Plaintiff was damaged by Defendant's breach of that contract. Plaintiff also prayed for attorney fees and costs of the action.

On May 30, 2002, the trial court sustained Plaintiff's motion for summary judgment "on Count I of Plaintiff's Petition" and entered judgment for $35,000 "excluding attorney's fees and costs." The judgment made no disposition of Count II nor did it refer to the provisions of Rule 74.01(b) which allow an appeal from a judgment that disposes of fewer than all parties and claims if the trial court makes "an express determination that there is no just reason for delay."

█ Although neither party raises an issue concerning the finality of the instant judgment, we are required to examine the record, *sua sponte*, to determine if the jurisdictional prerequisite of a final judgment has been met. *Watson v. Moore*, 983 S.W.2d 208, 209 (Mo.App.1999). To constitute an appealable judgment, the judgment must dispose of all parties and claims in a case and leave nothing for future determination. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

█ Here, at the least, the judgment left Plaintiff's claim pending for attorney fees and costs in Count II. As a result, the judgment is not final and appealable. *See Hackathorn v. Four Seasons Lakesites, Inc.*, 959 S.W.2d 954, 957 (Mo.App.1998) (holding that a judgment is not final in the absence of ruling on a counterclaim for attorney fees and costs).

The appeal is dismissed.

GARRISON and BARNEY, JJ., concur.