**In re the Marriage of Joseph SEITZ, III, Petitioner–Appellant,**

v.

**Linda Sue SEITZ, Respondent– Respondent.**

No. 25163.

Missouri Court of Appeals, Southern District, Division Two.

June 12, 2003.

Michele Hammond, Cordell & Cordell, P.C., St. Louis, for Appellant.

.Catherine L. Lange, C. William Lange, and Richard A. Hopkins, Lange and Lange, Cuba, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

In this case, Joseph Seitz, III, ("Appellant") attempts to appeal from a judgment of dissolution of marriage. The events leading up to this appeal include the following.

On March 21, 2002, the trial court entered a "Judgment of Dissolution of Marriage" ("Judgment"). In addition to dissolving the marriage of Appellant and Linda Sue Seitz ("Respondent"), the Judgment adjudicated the rights and responsibilities of the parties with respect to child custody, visitation, and support and adopted a parenting plan; adjudicated the rights and responsibilities of the parties with respect to the payment of medical, dental, orthodontic and vision expenses incurred for the parties' minor children and not covered by insurance; ordered both parties to maintain insurance on the minor children when available through their employment; awarded dependency deductions for the parties' minor children for tax purposes; ordered Appellant to pay spousal support and maintenance to Respondent; divided the parties' marital property and marital debts; set apart the nonmarital property of each party; awarded Respondent her attorneys fees; ordered each party to pay one-half of the Guardian Ad Litem's fees; and taxed costs to Appellant.

On April 12, 2002, the trial court, apparently sua sponte, filed a purported "Amended Judgment of Dissolution of Marriage" ("Amended Judgment"). The Amended Judgment differed from the original Judgment in only two discernible respects: (1) it modified the award of fees to the Guardian Ad Litem, and (2) it in-

serted language designating the maintenance award to Respondent as "modifiable."

Also on April 12, 2002, Appellant filed a "Motion for Reconsideration, Amendment of Judgment or New Trial" ("Motion for New Trial"). The motion contains various allegations of trial court error related to the Judgment. The motion does not make reference to the trial court's Amended Judgment.

On April 24, 2002, Appellant filed a notice of appeal ("the April 24th notice of appeal") in the trial court. The notice was filed in this court as Case No. SD24913.

That same day (April 24, 2002) Appellant filed a "Motion for Order Nunc Pro Tunc." In the motion, Appellant asked the trial court to enter an order nunc pro tunc to correct the Amended Judgment "to reflect that the AMENDED JUDGMENT was entered by the Court on its own motion, was not in response to or to be considered a ruling on [Appellant's] MOTION FOR NEW TRIAL, and that such motion has yet to be ruled upon by the Court." The motion appears, for all purposes, to be within the purview of Rule 74.06(a).[1][2]

Also on April 24, 2002, Respondent filed "Respondent's Motion to Correct Amended Judgment and Decree of Dissolution of Marriage Nunc Pro Tunc." In the motion, Respondent asked the trial court to correct its judgment to reflect that Respondent was also awarded primary legal custody of the parties' children, rather than joint legal custody, as reflected by a stipulation of the parties and the parenting plan incorporated by reference into the trial court's original Judgment and Amended Judgment. The motion states that it is made pursuant to Rule 74.06. As with Appellant's "Motion for Order Nunc Pro Tunc," Respondent's motion appears, for all purposes, to be within the purview of Rule 74.06(a).

On May 20, 2002, the trial court filed a purported "Second Amended Judgment of Dissolution of Marriage" ("Second Amended Judgment"). The Second Amended Judgment was virtually identical to the Amended Judgment except that it also awarded primary legal custody of the parties' minor children to Respondent as requested in Respondent's Motion to Correct Amended Judgment and Decree of Dissolution of Marriage Nunc Pro Tunc.

On August 16, 2002, the trial court filed a purported "Third Amended Judgment of Dissolution of Marriage" ("Third Amended Judgment"). The Third Amended Judgment was virtually identical to the Second Amended Judgment except that it reduced the amount of child support to be paid by Appellant (per an "Amended Form 14") and contained additional findings to support the trial court's disproportionate division of marital property. Both changes addressed issues raised in Appellant's Motion for New Trial.

On September 3, 2002, Appellant voluntarily dismissed Case No. SD24913.[3]

Then, on September 12, 2002, Appellant filed a second notice of appeal in the trial court ("the September 12th notice of ap-

---

1. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

2. Rule 74.06(a) provides:
   Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

3. The legal file was never filed in Case No. SD24913.

peal"). The notice was filed in this court in the instant case, No. SD25163.

For ease of reference, the foregoing events and the dates of their occurrence are summarized below:

Date | Event
--- | ---
*03/21/02* | Judgment filed.
*04/12/02* | Amended Judgment filed.
*04/12/02* | Appellant's Motion for New Trial filed.
*04/24/02* | The April 24th notice of appeal filed in the trial court.
*04/24/02* | Appellant's Motion for Order Nunc Pro Tunc filed.
*04/24/02* | Respondent's Motion to Correct Amended Judgment and Decree of Dissolution of Marriage Nunc Pro Tunc.
*04/29/02* | The April 24th notice of appeal received by this court and filed as Case No. **SD24913.**
*05/20/02* | Second Amended Judgment filed.
*08/16/02* | Third Amended Judgment filed.
*09/03/02* | Case No. **SD24913** voluntarily dismissed.
*09/12/02* | The September 12th notice of appeal filed in the trial court.
*09/16/02* | The September 12th notice of appeal received by this court and filed in this case, No. **SD25163.**

Here, as in any case, the first duty of the court is to determine its jurisdiction. *Cotter v. Miller,* 54 S.W.3d 691, 693 (Mo.App. W.D.2001). "An appellate court must always consider, *sua sponte* if necessary, its jurisdiction." *Logan v. Sho Me Power Electric. Co-op.,* 83 S.W.3d 109, 111 (Mo.App. S.D.2002).

As reflected above, Appellant filed *two* notices of appeal in this case. The first notice of appeal, the April 24th notice of appeal, was filed in this court in Case No. SD24913. Case No. SD24913 was voluntarily dismissed on September 3, 2002. Once this court dismissed the appeal per Rule 84.09, this court lost all jurisdiction over the case. *See State ex rel. McMullin v. Satz,* 759 S.W.2d 839, 840 (Mo. banc 1988).

The second notice of appeal, the September 12th notice of appeal, is the basis for the present appeal. The September 12th notice of appeal clearly states that the appeal is taken from the "Third Amended Judgment of Dissolution of Marriage" dated "8–16–02." Because Case No. SD24913 was dismissed (and the April 24th notice of appeal along with it), the court's jurisdiction in the present case, if any, is dependent upon the validity of the September 12th notice of appeal.

The court is obligated "*ex mero motu* to inquire into the timeliness of the notice of appeal because in the absence of a timely filed notice we have no appellate jurisdiction." *In re Marriage of Grigery,* 818 S.W.2d 738, 739 (Mo.App. S.D.1991). Rule 81.04(a) provides that "[n]o ... ap-

peal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Thus, "[a] prerequisite to appellate review is that there be a final judgment." *Committee for Educational Equality v. State,* 878 S.W.2d 446, 450 (Mo. banc 1994).

Under these authorities, in order for jurisdiction to exist in this case, the September 12th notice of appeal must have been filed not later than ten days after the trial court's judgment became final. Because the September 12th notice of appeal purports to appeal from the Third Amended Judgment, the court must initially determine whether the Third Amended Judgment was the trial court's "final judgment" in the case. This, in turn, requires that the court consider the validity of each of the prior "judgments" and their effect on the trial court's jurisdiction.

■ Rule 74.01(a) provides that a " '[j]udgment' as used in these rules includes a decree and any order from which an appeal lies. A judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed." "Under Rule 74.01(a), 'a judgment must be (1) in writing, (2) signed by the judge, (3) denominated "judgment," and (4) filed.' " *Grissum v. Soldi,* 87 S.W.3d 915, 916 (Mo.App. S.D.2002) (quoting *Chambers v. Easter Fence Co., Inc.,* 943 S.W.2d 863, 865 (Mo.App. E.D.1997)). Moreover, "[t]o constitute an appealable judgment, the judgment must dispose of all parties and claims in a case and leave nothing for future determination." *L.R.*

*Oth, Inc. v. Albritton,* 90 S.W.3d 242, 243 (Mo.App. S.D.2002) (citing *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997)). *See also* Rule 74.01(b); *City of St. Louis v. Hughes,* 950 S.W.2d 850, 852 (Mo. banc 1997).

■ Here, the trial court's initial Judgment, entered March 21, 2002 was in writing, signed by the judge, denominated "judgment," and filed with the clerk of the trial court, all as required by Rule 74.01(a). Furthermore, the Judgment appears to dispose of all parties and issues in the case, leaving "nothing for future determination." [4] *L.R. Oth, Inc.,* 90 S.W.3d at 243. Thus, the trial court's March 21, 2002 Judgment appears to have been a "judgment" within the meaning of Rule 74.01.

■ Even so, "[t]he initial judgment entered by a trial court is not final." *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 391 (Mo. banc 1993). Under Rule 75.01:

The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time.

■ Within thirty days after entering the Judgment in this case, the trial court filed a purported Amended Judgment. Clearly, the trial court retained control over the Judgment under Rule 75.01 at the time it entered the Amended Judgment. However, the record in this case is devoid of any indication that the parties were given notice and an opportunity to be

---

4. The original Judgment did not designate the maintenance award to Respondent as either modifiable or nonmodifiable as required by § 452.335.3 RSMo 2000. While the trial court's failure to designate the award as either modifiable or nonmodifiable is reversible error, *see, e.g., Sleater v. Sleater,* 42 S.W.3d 821, 822 (Mo.App. E.D.2001); *Goodin v. Goodin,* 5 S.W.3d 213, 219 (Mo.App. S.D.1999), the omission of the designation does not appear to deprive the Judgment of finality.

heard prior to the trial court's entry of the Amended Judgment.

■ "Because of due process requirements, notice is a condition precedent for the court to act under Rule 75.01. This requires that the parties receive reasonable notice and an opportunity to be heard." *In re Marriage of Bennett*, 938 S.W.2d 952, 957 (Mo.App. S.D.1997) (citations omitted). Several cases have held that the trial court's failure to give notice and an opportunity to be heard before exercising its Rule 75.01 power renders the Rule 75.01 judgment or order null and void. *Swanson v. D & R Enterprises*, 899 S.W.2d 134, 136–37 (Mo.App. S.D.1995); *In re Marriage of Short*, 847 S.W.2d 158, 163 (Mo.App. S.D.1993); *Champ v. Poelker*, 755 S.W.2d 383, 386 (Mo.App. E.D. 1988); *Griffith v. Mullenix Corp.*, 688 S.W.2d 46, 47 (Mo.App. E.D.1985). Other cases have held that, where a trial court enters a Rule 75.01 judgment or order without giving notice and an opportunity to be heard, the Rule 75.01 judgment or order is *voidable* rather than void. *See, e.g.*, *Todd v. Todd*, 762 S.W.2d 449 (Mo.App. W.D.1988). Other cases, still, have acknowledged the conflict in the case law on the issue but have not taken a position. *See, e.g.*, *Lacy v. Dalton*, 803 S.W.2d 664 (Mo.App. E.D.1991); *State ex rel. Kairuz v. Romines*, 806 S.W.2d 451 (Mo.App. E.D. 1991).

*Hewitt v. Chicago, Burlington & Quincy R.R. Co.*, 426 S.W.2d 27 (Mo.1968), appears to be the most recent controlling decision of the Supreme Court of Missouri on this issue. There, the court held that a trial court order that set aside (on the court's own motion) a prior order granting a new trial was *invalid* due to the trial court's failure to notify the parties before entering

the new order. *Hewitt*, 426 S.W.2d at 29 (relying on *Hoppe, Inc. v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (1950)). More recently, in *Brockhoff v. Leary*, 711 S.W.2d 869, 871 (Mo. banc 1986), the Supreme Court stated:

> Clearly, notice must be provided to the adversely affected party when the trial court acts on its own initiative within the 30 day period when it retains control over the judgment. *Hoppe* and its progenies, however, are relics from a prior procedural code that have little need under today's practice. When *Hoppe* was decided, both the statute and the predecessor to present Rule 75.01, did not require notice. § 510.370, RSMo 1978; Rule 75.01 (prior to 1981). The present Rule 75.01 was amended in 1981 to require that notice be given, and the failure to provide notice should now be treated as a violation of the rule.

Ultimately, the *Brockhoff* court declined to take up the void/voidable issue, stating "[w]hile the parties, in effect, ask us to decide whether a violation of the notice requirement creates a void or voidable order, we do not believe the case turns on such a distinction." *Id.* It does not appear that the Supreme Court has addressed the issue since *Brockhoff*.

As reflected above, this court has generally held that a Rule 75.01 judgment or order entered without notice and an opportunity to be heard is *void*. *See Swanson*, 899 S.W.2d at 136–37; *In re Marriage of Short*, 847 S.W.2d at 163. The trial court's Amended Judgment is *void* under Rule 75.01 inasmuch as the record contains no indication that the parties were notified and given an opportunity to be heard prior to the trial court's entry of same.[5]

---

5. Appellant's Motion for Order Nunc Pro Tunc filed April 24, 2002, further supports a conclusion that the trial court entered its

Amended Judgment without affording the parties notice or an opportunity to be heard. In pertinent part, the motion avers:

■ Moreover, the Amended Judgment does not appear to be saved by the fact that Appellant filed his Motion for New Trial the same day the Amended Judgment was entered. The record clearly shows that the Amended Judgment was not filed in response to Appellant's Motion for New Trial. In fact, the record reflects that Appellant's Motion for New Trial was filed *after* the Amended Judgment.[6] Further, in a docket entry made by the trial court on May 7, 2002, the trial court expressly stated that the "Amended Judgment had been entered by this court not in response to any Motions filed by the [Appellant]." Further still, the trial court's docket sheet reflects that the trial court took up Appellant's Motion for New Trial for hearing on July 9, 2002, long after entry of the Amended Judgment. Insofar as the Amended Judgment was not a valid exercise of the trial court's authority under Rule 75.01 and was not entered pursuant to an authorized after-trial motion, it appears to be ineffective to amend the Judgment.

■ Finally, the Amended Judgment does not appear to have been a valid nunc pro tunc order as suggested in Respondent's brief. The power of a court to enter nunc pro tunc corrections of clerical mistakes in its judgments is embodied in Rule 74.06(a), which provides:

> 3. That on the 12th day of April, 2002, *not having knowledge of or notice of the AMENDED JUDGMENT,* Petitioner [Appellant] filed his Motion for Reconsideration, Amendment of Judgment or New Trial, addressing the provisions of the JUDGMENT....
> 4. That the AMENDED JUDGMENT was entered by the Court on its own motion and not in response to the MOTION FOR NEW TRIAL, or any motion noticed up by the parties or the Court.
>
> (Emphasis added.)

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

"A clerical error is an error made in the recording of a judgment; therefore, the correction of a clerical error conforms the record to the judgment of the court." *Pirtle v. Cook,* 956 S.W.2d 235, 241 (Mo. banc 1997).

> It is universally held that the only true function of a nunc pro tunc order is to correct some error or inadvertence in the recording of that which was *actually done,* but which, because of that error or omission was not properly recorded; and, that it may not be used to order that which was *not* actually done, or to change or modify the action which was taken.

*Id.* at 240 (quoting *City of Ferguson v. Nelson,* 438 S.W.2d 249, 253 (Mo.1969)). "A presumption exists that there are no clerical errors in judgments. If the presumption is not rebutted, then any order that changes the record is presumed to change the judgment as well." *Pirtle,* 956 S.W.2d at 243 (citations omitted). "To

---

6. The copies of the Amended Judgment and Appellant's Motion for New Trial appearing in the record on appeal both contain the trial court's file stamp, which, in addition to containing the date, displays the time of filing. The file stamp appearing on the Amended Judgment, though faint, appears to contain the designation "AM," indicating that the Amended Judgment was filed in the morning. The file stamp appearing on Appellant's Motion for New Trial, on the other hand, clearly shows "02 APR 12 PM 2:56," indicating that it was filed at 2:56 p.m.

constitute an order nunc pro tunc, the order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the court's judgment. Additionally, as has been long established, the clerical error must be discernible from the record." *Id.* (Citations omitted.) "[I]n order to justify an order nunc pro tunc, there must be some basis in the record for the making of the order, such as minute entries of the judge or clerk or a paper filed in the cause." *City of Ferguson*, 438 S.W.2d at 253. "Our courts have held that orders or judgments violating these principles are void." *Id.*

As recounted above, the Amended Judgment differed from the original Judgment in only two discernible respects: (1) it modified the award of fees to the Guardian Ad Litem, and (2) it inserted language designating the maintenance award to Respondent as "modifiable." These changes, while seemingly modest, appear to be more than mere corrections of clerical mistakes. In accordance with *Pirtle*, the court should presume that the original Judgment contains no clerical errors. This presumption is not rebutted by the record or the Amended Judgment in this case. Here, the terms of the original Judgment are consistent with the terms recited in the trial court's March 21, 2002 docket entry including the provisions relating to Guardian Ad Litem fees and maintenance (the docket entry is silent on the issue of modifiability of maintenance). It appears that the effect of the Amended Judgment would have been to alter the terms of the judgment actually rendered on March 21, 2002. Accordingly, the Amended Judgment is not a valid nunc pro tunc order. *See City of Ferguson*, 438 S.W.2d at 253.

We now look to the Second Amended Judgment filed May 20, 2002. Under Rule 75.01, the trial court retained control over its Judgment during the thirty-day period after its entry. Inasmuch as the Second Amended Judgment was filed more than thirty days after entry of the original Judgment, it was not authorized under Rule 75.01. Nevertheless, under Rule 81.05(a), the trial court's jurisdiction can be extended by the filing of an authorized after-trial motion. Rule 81.05(a) provides:

**(a) Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

In this case, the trial court's jurisdiction was extended by the filing of Appellant's Motion for New Trial, filed April 12, 2002.[7]

---

7. As pertinent here, the Supreme Court of Missouri has stated:

Under the current Supreme Court Rules, an "authorized after-trial motion" is a motion for which the rules expressly provide. Currently, the rules expressly contemplate . . . a motion to amend the judgment, [Rules 78.04 and 78.07(c)]; a motion for relief from judgment or order under Rule 74.06(a) and (b), but see, Rule 74.06(c); and a motion for new trial under Rule 78.

This motion was timely under Rule 78.04. Moreover, the motions filed by the parties on April 24, 2002, merit discussion. These were: Appellant's "Motion for Order Nunc Pro Tunc" and "Respondent's Motion to Correct Amended Judgment and Decree of Dissolution of Marriage Nunc Pro Tunc." Both motions asked the trial court to correct its Amended Judgment by nunc pro tunc order. As discussed above, such relief is authorized by Rule 74.06(a). *See Pirtle*, 956 S.W.2d at 241. The issue presented by these motions is whether they may have served to further extend the trial court's jurisdiction over the Judgment.

In pertinent part, Rule 81.05(a)(2) provides that "[i]f a party *timely files* an authorized after-trial motion, the judgment becomes final ... [n]inety days from *the date the last timely motion was filed,* on which date all motions not ruled shall be deemed overruled." (Emphasis added.) Notably, motions brought under Rule 74.06(a) are "authorized after-trial motions." *Taylor*, 854 S.W.2d at 392 n. 1. Generally, after-trial motions must be filed within thirty days after entry of judgment to be timely. *See, e.g.*, Rules 78.04 and 81.05(a). However, Rule 74.06(a) provides that "[c]lerical mistakes ... may be corrected by the court *at any time* of its own initiative or *on the motion of any party.*" (Emphasis added.) Thus, motions under Rule 74.06(a) may be filed at any time and need not be filed within thirty days after entry of judgment to be effective. Here, the April 24, 2002 motions were filed more than thirty days after entry of the original Judgment. It is unclear, however, what effect a motion under Rule 74.06(a) filed more than thirty days after entry of judgment has on the trial court's jurisdiction under Rule 81.05(a), particularly where, as here, a prior authorized after-trial motion was timely filed.

Notwithstanding this conundrum, the outcome of this case does not turn on whether the trial court's jurisdiction extends ninety days from April 12, 2002 (the date Appellant filed his Motion for New Trial) or April 24, 2002 (the date Appellant and Respondent filed their Rule 74.06(a) motions). We will assume that the trial court retained jurisdiction under Rule 81.05(a) for up to ninety days from the later date, April 24, 2002.

Returning to the Second Amended Judgment, some additional background is required to determine its validity. On May 7, 2002, the trial court conducted a motion hearing at which it (1) denied Appellant's "Motion for Order Nunc Pro Tunc," (2) purported to grant "Respondent's Motion to Correct Amended Judgment and Decree of Marriage Nunc Pro Tunc," and (3) declined to take up Appellant's Motion for New Trial. Concerning Appellant's "Motion for Order Nunc Pro Tunc," the trial court's docket entry states: "Court takes up Motion For Nunc Pro Tunc filed on behalf of [Appellant] and overrules same for the reason that the First Amended Judgment had been entered by this court not in response to any Motions filed by the [Appellant]." With respect to "Respondent's Motion to Correct Amended Judgment and Decree of Marriage Nunc Pro Tunc," the trial court's docket sheet states: "Court takes up Motion For Nunc Pro Tunc filed by Respondent and sustains same. Second Amended Judgment to be entered by the court herein reflecting the change in custody in accordance with the parties' stipulation." Finally, regarding Appellant's Motion for

*Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993). Under *Taylor*, Appellant's Motion for New Trial filed in the instant case is an authorized after-trial motion.

New Trial, the trial court's docket entry states: "Over the objection of counsel for Respondent, Motion for Reconsideration And/Or New Trial filed on behalf of Petitioner [Appellant] not taken up. Same reset for hearing July 9, 2002 at 9:00 a.m. or as soon thereafter as the matter can be heard."

Thereafter, on May 20, 2002, the trial court filed the Second Amended Judgment, which is virtually identical to the purported Amended Judgment filed April 12, 2002, except that it modified the child custody provisions to award primary legal custody of the parties' minor children to Respondent consistent with "Respondent's Motion to Correct Amended Judgment and Decree of Marriage Nunc Pro Tunc." Neither the trial court's docket entries for May 7, 2002 and May 20, 2002 nor the Second Amended Judgment expressly states whether the "judgment" is intended as a nunc pro tunc order, as requested by Respondent, or as an amendment.

■ As already established, the Second Amended Judgment was filed after the trial court's jurisdiction under Rule 75.01 had expired. Although the trial court's jurisdiction was extended in this case by the filing of one or more authorized after-trial motions, "[o]nce the thirty day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after-trial motion." *Massman Const. Co. v. Missouri Highway & Transp. Comm'n,* 914 S.W.2d 801, 802–03 (Mo. banc 1996). *See also McCombs v. Joplin 66 Fairgrounds, Inc.,* 925 S.W.2d 946, 949 (Mo. App. S.D.1996); *Dickinson v. Ronwin,* 935 S.W.2d 358, 361 (Mo.App. S.D.1996). Thus, to be valid, the Second Amended Judgment must grant relief based on grounds raised in a timely filed authorized after-trial motion.

At the time the Second Amended Judgment was entered, Appellant's Motion for New Trial and "Respondent's Motion to Correct Amended Judgment and Decree of Marriage Nunc Pro Tunc" were the only authorized after-trial motions still pending. The Second Amended Judgment does not appear to grant relief on any ground raised in Appellant's Motion for New Trial. Consequently, the Second Amended Judgment was not authorized by virtue of Appellant's Motion for New Trial.

■ However, as reflected above, the Second Amended Judgment does purport to grant relief on grounds raised in "Respondent's Motion to Correct Amended Judgment and Decree of Marriage Nunc Pro Tunc." Still, the inquiry into the validity of the Second Amended Judgment does not end there. To be valid, the Second Amended Judgment must have been entered in accordance with Rule 74.06(a). As pertinent here, Rule 74.06(a) specifically provides that "[d]uring the pendency of an appeal, [clerical] mistakes may be so corrected *with leave of the appellate court."* (Emphasis added.) In this case, Appellant filed his initial notice of appeal on April 24, 2002. The resulting appeal (Case No. SD24913) remained pending in this court until it was voluntarily dismissed on September 3, 2002. During the pendency of Case No. SD24913, leave of this court to correct clerical mistakes was neither sought nor granted. Accordingly, the trial court lacked authority to correct any clerical mistakes under Rule 74.06(a) while Case No. SD24913 was pending. *See State v. Johnson,* 861 S.W.2d 807, 809 (Mo.App. E.D.1993). Thus, the Second Amended Judgment was invalid under Rule 74.06(a) and had no effect on the finality of the original Judgment.

Because the Second Amended Judgment was invalid, Appellant's Motion for New Trial remained pending. The trial court at

last took up Appellant's Motion for New Trial on July 9, 2002. The trial court's docket entry for July 9 states: "Court takes up Motion for Reconsideration and/or New Trial. Argument of counsel on the record. Cause taken under submission for ruling by the court. Cause to be on the docket August 1, 2002." The trial court did not take any further action on Appellant's Motion for New Trial until it filed the purported Third Amended Judgment on August 16, 2002.

Under Rules 78.06 and 81.05(a)(2)(B), however, all after-trial motions not previously ruled were deemed overruled on July 23, 2002—ninety days after the April 24 motions were filed. "At that point, the trial court has no jurisdiction to act in the case and any action it takes is a nullity." *Carson v. Brands*, 7 S.W.3d 576, 579 (Mo.App. S.D.1999) (citations omitted). Thus, after July 23, 2002, the trial court did not have jurisdiction to amend its judgment, and the trial court's Third Amended Judgment filed on August 16, 2002 was a nullity. "A judgment entered *without jurisdiction is void.* . . . If a judgment is void, an appellate court acquires jurisdiction only to determine the invalidity of the judgment and to dismiss the appeal." *Settles v. Settles*, 913 S.W.2d 101, 103–04 (Mo.App. S.D.1995) (citations omitted). Because the Third Amended Judgment is void, and because Appellant's notice of appeal was not timely filed in relation to the valid final judgment in the cause, the appeal herein must be dismissed.

PREWITT, P.J., concurs.

PARRISH, J., concurs in result.