STATE of Missouri, Respondent,

v.

Johnny William HICKS, Appellant.

No. 50166.

Supreme Court of Missouri,

Division No. 2.

March 9, 1964.

Johnny William Hicks, pro se.

Thomas F. Eagleton, Atty. Gen., Louis C. DeFeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

EAGER, Judge.

This appeal is one from an order denying a motion to vacate a judgment and sentence, filed pursuant to Criminal Rule 27.26, V.A.M.R. Defendant is confined in the penitentiary. The sentence was one for two years imposed on June 15, 1962, for driving a motor vehicle while intoxicated. See Sections 564.440 and 564.460 RSMo 1959, V.A.M.S. (to which revision all statutory citations will refer unless otherwise stated). The judgment and sentence was entered upon a plea of guilty, and the record shows that the Court interrogated the defendant, explained the charge, inquired as to his education, and further explained that he had the right to counsel whether he had "money to employ one or not." Defendant expressly waived his right to counsel and entered a plea of guilty; thereupon judgment and sentence of "Two (2) years, from the 15th day of June, 1962" was entered, with six days' credit for jail time, and defendant was presumably taken to the penitentiary.

The following facts have been developed from certified copies of records filed here *by defendant*, and from his *pro se* brief. On October 23, 1961, he entered a plea of guilty in the Circuit Court of Wright County to a "bogus check" charge. At that time sentence was deferred. On February 1, 1962, he was sentenced to a term of two years "in the Department of Corrections," but it was ordered that the punishment was suspended until the further order of the Court and upon conditions then imposed, including supervision by the State Department of Probation and Parole. On July 5, 1962, that Court, obviously having learned of the Greene County sentence, set aside its order suspending the sentence imposed, and ordered the Clerk to forward certified copies of its record and commitment to the Department of Corrections at Jefferson City, the defendant being then in its custody.

On December 27, 1962, defendant filed his present motion to vacate in the Greene County Circuit Court, by leave and as a poor person. The Court overruled that motion on the ground that, "from the records and documents filed," the defendant was entitled to no relief. See Rule 27.26. From that order defendant has, by a rather devious course, come here on appeal; he has filed two notices of appeal, both out of time, but the last one by special order of this Court. Neither notice is in an approved form, but under these circumstances we accept the totality of the attempt as constituting a sufficient appeal.

The motion to vacate sets out certain records and files verbatim. In essence, it alleges: that the Greene County sentence was *stated* to begin on June 15, 1962, and that the Court was aware that defendant was on parole and under the supervision of the Board of Probation and Parole; that he pleaded guilty because the sentence was to begin on June 15, 1962, and that the Court indicated that he didn't "care about" the other sentence; that he was transferred to prison and that on or about August 28, 1962, the prison authorities received the papers showing his (prior) Wright County sentence, and notified him that his Greene County sentence would be *deferred* until the expiration of the Wright County sentence. He claims that the Greene County Judgment and Sentence was illegal and void in that it fixed June 15, 1962, as its date of inception; this, for the reason that it supposedly violated § 222.020, and that the Court was required to know of his prior sentence. For convenience we quote here

the applicable parts of § 222.020, as follows: " * * * and if any convict commits any crime in an institution of the department of corrections, or in any county of this state while under sentence, the court having jurisdiction of criminal offenses in the county shall have jurisdiction of the offense, and the convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of the convict shall not commence to run until the expiration of the sentence under which he is held." Defendant prayed his discharge, upon the theory that the Greene County judgment was void. In his brief he now claims also that he has served his time on the sentence from Wright County.

The brief of defendant is somewhat difficult to follow; it also contains certain contentions which are not strictly within the bounds of the motion to vacate. However, in so far as the claims are discernible and shown of record, we prefer to consider them now. Some wholly unsupported statements of supposed facts will be disregarded.

■ It is suggested that the information failed to state an offense, (a) because it did not allege that defendant was driving recklessly or endangering the lives of others; and (b) because it was not supported by witnesses or based on actual knowledge. There is no merit whatever in these contentions. Section 564.440 states the essentials of this charge, namely, (1) the operating of a motor vehicle, and (2) while in an intoxicated condition. Both elements were specifically alleged in the information. The information was sworn to by the Prosecuting Attorney "according to his best information and belief," which has been held to be sufficient. In State v. Stewart, 274 Mo. 649, 204 S.W. 10, loc. cit. 12, the Court said: "The verification of the information by the prosecuting attorney is alleged to be insufficient. In substance, it states that the prosecuting attorney upon his oath says that the facts stated in the information are true according to his best in-

formation and belief. This is in compliance with the statute, section 5057, R.S. Mo. 1909, and is not subject to valid objection. If an information is attested by a private person, it is necessary for the oath attached to be made upon actual knowledge, such as would authorize the affiant to testify as a witness. Made by the prosecuting attorney, however, it may be based upon such information as he may feel warranted in believing and relying upon."

■ Defendant says further that his imprisonment is unlawful because the "commitment cannot be seen from the records." We do not understand the contention. If he means that no other judgment and sentence is before us except that of Greene County, we note that Respondent was permitted, by order of Court, to file and did file here certified copies of the records of the Circuit Court of Wright County as we have described them. All the judgment records are here and no "commitment" papers are necessary.

■■ The principal argument made is that the Greene County judgment is void because it illegally fixed June 15, 1962, as the date for the inception of the sentence, thus being contra to § 222.020, quoted above; and, continuing, that defendant has served his other sentence (which we do not decide) and should be discharged forthwith. It is also urged that, since defendant had begun his Greene County sentence, the prison authorities could not set it aside "temporarily" and (presumably) start it over again after service of the Wright County sentence. This insistence, which is in effect that the Greene County sentence should have been permitted to run continuously, is wholly inconsistent with defendant's primary argument that it was and is void. However, the complete answer to all of this is that § 222.020 is controlling, and where a subsequent crime is committed by one *under sentence*, that statute requires that the original sentence be served and completed *first*. State v. Campbell, Mo., 307 S.W.2d 486, cert. denied 356 U.S. 922,

78 S.Ct. 708, 2 L.Ed.2d 718. It was there held that the trial court had no power to order the second sentence to run concurrently with the first and that such a provision of the sentence and judgment was mere surplusage. In that opinion it was also held that Section 222.020 applied to a person on parole. See also: Herring v. Scott, Banc, Mo., 142 S.W.2d 670; Frazier v. Whitecotton, Mo., 188 S.W.2d 663; and Ex Parte Green, Banc, 322 Mo. 857, 17 S. W.2d 939. The statute not only fixes unalterably the *order* of serving the sentences, but it makes them *consecutive*, and no provision of a judgment may change this. The provision in the Greene County judgment fixing June 15, 1962, as the date of the beginning of that term, was mere surplusage and will be disregarded. That, however, does not affect the remainder of the judgment and sentence, and it should be served as provided by the statute. The unsupported allegation that the Court was "aware that the movant was on a parole * * *" is immaterial, even if it were true. And, on that point, the only showing of record is that the Prosecuting Attorney stated to the Court: "Your Honor, he has one prior felony, a check charge." This remark contains no reference whatever to any parole or probation.

■ Defendant insists that § 222.020 is not applicable to "a person on parole." Such a contention flies in the very teeth of the statute, which applies to all persons *"under sentence"* who commit another crime. This man was certainly under sentence. And the point has been expressly ruled in State v. Campbell and Herring v. Scott, supra. The case of Anthony v. Kaiser, 350 Mo. 748, 169 S.W.2d 47, merely held (in so far as we are now interested) that the predecessor of § 222.020, as it then stood, was not applicable to a person who had first been sentenced to the Intermediate Reformatory, paroled, and later sentenced to the penitentiary. It was thus held that the statute did not make the later sentence to the penitentiary consecutive with the first. The statute has since been amended.

It is clearly applicable both to persons on parole and on probation.

■■ Finally, defendant asserts that he has not been given credit on the Wright County sentence for the "period served on parole" as provided in § 549.275 (Laws 1957, p. 380, § 20). When we examine Chap. 549 of our statutes on "Probation, Pardons and Paroles," we find distinctions between "Parole" and "Probation." These distinctions begin with the definitions contained in § 549.201 (being § 549.058 of Laws 1963); "parole," as defined, means the release of a prisoner by the State *Board* of Probation and Parole prior to the *expiration of his term*, whereas probation is granted by the *Court* by releasing a convicted defendant, *without imprisonment*, subject to conditions and to the supervision of a probation service. In certain instances the statutes refer to judicial paroles, but these provisions are evidently included in order to permit the parole of persons convicted of misdemeanors or sentenced to jail on graded felonies. The general distinctions between probation and parole are maintained. By Section 549.190 the courts are specifically authorized to place on *probation* any defendant eligible for judicial parole by suspending the execution of sentence (as here). The "credit" section now in question, 549.275, is preceded by three sections which deal exclusively with *paroles by the Board* of persons confined in correctional institutions, thus emphasizing the fact that the phrase (in § 549.275) "The period served on parole" actually means *parole* as defined in § 549.201 (now § 549 - 058), i. e., the release of a prisoner "by the state board of probation and parole prior to the expiration of his term * * *." We hold that the credit so provided does not apply to one who has been sentenced with an immediate suspension of the execution of the sentence, as here. This was specifically a probation as defined in § 549.201. These definitions have been readopted in the 1963 Laws, as already indicated. If the legislature wishes to include periods of time spent on probation in

allowing credit on service of the sentence, § 549.275 should be amended. The contention is denied.

Defendant complains in some rather vague respects concerning the computations of time made by the prison officials. It is not our business to compute his time. The prison officials will be guided by their regulations and by such principles as we lay down for them, as here. And there was no impropriety, under these circumstances, in deferring the Greene County sentence after receipt of the judgment and commitment from Wright County. Certainly, defendant is not entitled to his release because he has served one, or either one, of the consecutive sentences.

The present motion constitutes a collateral attack on the judgment of the Greene County Circuit Court. We find the judgment valid. The present order and judgment of that court overruling defendant's motion to vacate is affirmed.

All of the Judges concur.