**Leroy STANFIELD, Appellant,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Appellee.**

**No. 18809.**

United States Court of Appeals Eighth Circuit.

Sept. 6, 1967.

Rehearing Denied Sept. 26, 1967.

---

Leroy Stanfield, pro se.

Norman H. Anderson, Atty. Gen., Jefferson City, Mo., for appellee; Richard C. Ashby, Asst. Atty. Gen., Jefferson City, Mo., on the brief.

Before VOGEL, Chief Judge, and BLACKMUN and HEANEY, Circuit Judges.

VOGEL, Chief Judge.

This is a consolidated appeal of two cases. In what we shall refer to as the first cause of action appellant, Leroy Stanfield, petitioned for a writ of habeas corpus, claiming to be unlawfully restrained of his liberty by the appellee, Harold R. Swenson, Warden, Missouri State Penitentiary.[1] What will be referred to as the second cause of action was against the appellee Warden for damages under the provisions of §§ 1981 to 1989, inc., 42 U.S.C.A., alleging false imprisonment beyond the expiration date of the sentences he had been serving. Obviously the second cause of action was entirely dependent upon appellant's success in the first cause of action. Applying the provisions of Rule 18(b), Federal Rules of Civil Procedure, 28 U.S.C.A., these two cases were joined. The District Court denied appellant's petition for a writ of habeas corpus in the first action and dismissed the second action, being the one for damages. We affirm.

A detailed review of the complicated factual record becomes necessary. On April 17, 1964, appellant was sentenced, on a plea of guilty, to serve a term of three years and six months by the Circuit Court of Greene County, Missouri. On January 4, 1965, while serving such sentence, appellant escaped. In the period following his escape and prior to apprehension, appellant committed a second offense for which he was sentenced on January 29, 1965, by the Circuit Court of Stoddard County, Missouri, to a term of three years with the sentence as declared by the Stoddard County Circuit Court to commence running "on the 29th day of January, 1965".

On July 17, 1966, the sentence imposed by the Greene County Circuit Court was commuted by the Governor of the State of Missouri. The first question for determination is when was the proper date for the commencement of the sentence imposed by the Stoddard County Circuit Court. If the sentence was to commence on January 29, 1965, as directed by the sentencing court and as claimed by the appellant, he would now be entitled to release. If the Stoddard County sentence was not to commence running until July 17, 1966, the date on which the Governor of Missouri commuted the Greene County sentence, then the petition for writ of

---

habeas corpus was properly denied, and appellant's present detention would not be unlawful for taking into consideration the three-fourths maximum of any sentence which is served in a "peaceable manner" and making proper allowances for merit time and "blood time" for blood donations, the earliest appellant's Stoddard County sentence could be completed would be March 18, 1968.

Appellant claims that since the Stoddard County sentence specified that the three years imposed were to commence running on January 29, 1965, that date should be the one used in determining his release based on three-fourths time plus credit. The appellee contends that since under Missouri law a second sentence imposed on a convict for commission of a crime while under sentence must run *consecutively* rather than concurrently with the earlier sentence, the Stoddard County sentence could not commence running until the Greene County sentence was commuted by the Governor on July 17, 1966.

§ 222.020, R.S.Mo., 1959, provides in pertinent part:

"* * * if any convict commits any crime in an institution of the department of corrections, or in any county of this state while under sentence, the court having jurisdiction of criminal offenses in the county shall have jurisdiction of the offense, and the convict may be charged, tried and convicted in like manner as other persons; and in case of conviction, the sentence of the convict *shall* not commence to run until the expiration of the sentence under which he is held. * * *" (Emphasis supplied.)

When used in statutes the word "shall" is generally regarded as an imperative or mandatory and therefore one which must be given a compulsory meaning. Any doubt that the word "shall" as used in § 222.020, supra, was not to be considered an imperative was dismissed by the Missouri Supreme Court in 1957 in State v. Campbell, 307 S.W.2d 486. The defendant in that case, while on parole from a life sentence, was convicted

by his plea of guilty to a second offense, committed while on parole, for which he received a sentence of two years. The order imposing the two-year sentence provided that the sentence was to run concurrently with the earlier life sentence. The Missouri court stated the issue to be, " * * * whether the trial court had the lawful authority to provide that the two-year term should run concurrently with the life sentence * * *". 307 S.W.2d at 490. Holding that a prisoner on parole is nevertheless "under sentence", the Missouri court stated, at 490:

"Since the law and not the judgment fixes the date on which a term of imprisonment shall commence, Higlin v. Kaiser, 352 Mo. 796, 179 S.W.2d 471, 473 [6], the provisions of section 222.020 were controlling and the trial court was without power or authority to adjudicate that the term should run concurrently. * * *

"However, the inclusion of an unlawful and ineffective provision in a judgment of conviction, otherwise valid, does not render the entire judgment void, because the portion of the sentence which is contrary to law will be treated as surplusage and disregarded. * * *"

The United States Supreme Court denied certiorari, Campbell v. State of Missouri, 1958, 356 U.S. 922, 78 S.Ct. 708, 2 L.Ed.2d 718.

In State v. Hicks, Mo., 1964, 376 S.W.2d 160, the Supreme Court of Missouri reaffirmed its earlier holding in *Campbell* by providing that a sentence imposed for driving while intoxicated on a defendant already under sentence for a "bogus check" conviction commenced to run after the expiration of the first sentence, notwithstanding the date fixed for inception of the second sentence.

" * * * The statute not only fixes unalterably the *order* of serving the sentences, but it makes them *consecutive,* and no provision of a judgment may change this. The provision in the Greene County judgment fixing June 15, 1962, as the date of the

beginning of that term, was mere sur-plusage and will be disregarded." 376 S.W.2d at 163.

■ Obviously, under the law of the State of Missouri, which is controlling, appellant's second sentence commenced running on July 17, 1966, the date on which his first sentence was commuted by the Governor. As he is being law-fully detained, the District Court's de-nial of the petition for a writ of habeas corpus is affirmed. The dismissal of the second action, it being entirely dependent upon the first, must also be affirmed.