**LAKE THUNDERBIRD PROPERTY OWNERS ASSOCIATION, INC., et al., Plaintiffs-Respondents,**

**v.**

**LAKE THUNDERBIRD, INC., et al., Defendants-Appellants.**

**Nos. 47902, 47903 and 47920.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 7, 1984.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Jan. 7, 1985.

Frederick H. Schwetye, Union, for Lake Thunderbird, Inc.

Jeffrey J. Kalinowski, St. Louis, for George Hoesch.

Edward C. Cody, St. Louis, for plaintiffs-respondents.

GAERTNER, Presiding Judge.

Lake Thunderbird, Inc. and George R. Hoesch appeal from a September 9, 1983, judgment in favor of Lake Thunderbird Property Owners Association, Inc. (Association), and certain individual lot owners of the Lake Thunderbird Development in Franklin County, Missouri. The judgment is reversed.

The "unusual gallimaufry of facts," in Mr. Hoesch's words, originated in a class action lawsuit filed by the Association and certain individual lot owners in the Lake Thunderbird Development against the defendants Lake Thunderbird, Inc., the developer of the subdivision, Weber Realty Co., the realtor which handled the real estate contracts, and H. Glenn Weber, who was alleged to be Lake Thunderbird, Inc.'s sole stockholder and the owner of Weber Realty Co. The Association, et al., predicated their lawsuit upon the defendants' alleged misrepresentations regarding the development of the residential area surrounding Lake Thunderbird and the failure of the defendants to make various improvements.

The parties compromised the lawsuit by entering into "stipulations." George R. Hoesch signed the stipulations in the signature space for Lake Thunderbird, Inc., but no explanation is given as to his capacity. The trial court incorporated the stipulations into its judgment of September 16, 1975, thus making the stipulation decretal. The decree ordered the defendants, *inter alia*, to repair an earthen dam at Lake Thunderbird, build a boat dock twenty feet in length, double the size of a sand beach, construct restroom and sanitary facilities and stock the lake with 500 fingerling bass.

Noncompliance by the defendants prompted the plaintiffs to file a motion for contempt. A hearing was held on the motion, at which hearing all parties appeared. The trial court found the defendants in contempt and entered judgment on September 27, 1977, in favor of the plaintiffs for $6,892.50 for attorney's fees and $5,000.00 for failure to repair the leaks in the dam against the defendants jointly and severally; in favor of the Association for $650.00 against Lake Thunderbird, Inc. for unpaid assessments on lots sold by the developer; and in favor of plaintiffs for $2,000.00 against H. Glenn Weber and for $5,000.00 against Lake Thunderbird, Inc. as punitive damages. The trial court also appointed a receiver to take possession and control of Lake Thunderbird, Inc. reserved the right to make further orders and taxed costs to the defendants. No appeal was taken from this judgment.

Despite the September 27, 1977, judgment, the problems surrounding the Lake Thunderbird Development went unresolved. Lake Thunderbird forfeited its corporate charter on January 1, 1979. The court terminated the court-appointed receiver's authority on April 10, 1979. The plaintiffs filed a motion to add as defendants the trustees of the Lake Thunderbird, Inc. and a motion for ancillary relief on July 19, 1979. The statutory trustees were added on July 24, 1979.

The motion for ancillary relief was presented in two counts. Count I requested additional injunctive relief. Count II sought actual and punitive damages for the failure of Lake Thunderbird, Inc.'s trustees to fix the dam, boat dock, and sanitary facilities.

The corporate charter of Lake Thunderbird, Inc. was reinstated on November 6, 1981. The trustees, including George Hoesch, remained in the lawsuit under the July 24, 1979 order.

After numerous conferences and evidentiary hearings, the trial court entered yet another judgment on September 9, 1983. The trial court denied any relief under

Count I of the motion for ancillary relief, denied plaintiffs' requests for damages against the receiver, H. Glenn Weber and Weber Realty Co., but granted relief under Count II against George Hoesch and Lake Thunderbird, Inc.:

> Judgment is entered for Lake Thunderbird Property Owners Association, Inc., jointly and severally, against Lake Thunderbird, Inc., and George R. Hoesch for $75,000.00 actual damages and $50,000.00 punitive damages under Count II of said Plaintiffs' Motion for Ancillary Relief filed July 29, 1979.

■ Lake Thunderbird, Inc. and George Hoesch appeal only from the September 9, 1983, judgment. Both contend that the trial court erred in entering the September 9, 1983, judgment because: (1) the trial court lost jurisdiction of the case thirty days after the September 16, 1975, judgment; (2) this action is governed by § 407.-110, RSMo.1978, which the proper action was a contempt proceeding. Lake Thunderbird, Inc. contends that the judgment against it was also erroneous because the plaintiffs' motion for ancillary relief contained no allegations against it. George Hoesch argues that the trial court erred in entering judgment against him because he was not named as an individual trustee and he may not be held personally liable as Lake Thunderbird, Inc.'s trustee. Our disposition of these contentions makes it unnecessary to consider additional arguments made by the defendants separately. The first question is whether the trial court lost jurisdiction to control its judgment thirty days after the September 16, 1975, judgment. This judgment fully disposed of the entire cause between the homeowners and the developers; the decree left nothing to the future judgment of the court. The September 16, 1975, judgment was, therefore, a final judgment. *See, State ex rel. Berbiglia, Inc. v. Randall,* 423 S.W.2d 765, 769 (Mo. banc 1968).

■ A court loses control over its judgment thirty days after entry of judgment. Rule 75.01. If timely and appropriate post-trial motions are filed, the power to control is extended to 90 days after the filing of the motions. Rule 81.05. No post-trial motions were filed within 15 days after September 16, 1975. Rule 78.04. The trial court, therefore, had no authority and was without jurisdiction to change, alter or modify its final judgment of September 16, 1975, after October 16, 1975. *See, State ex rel. Berbiglia, Inc. v. Randall, supra.*

■ That the trial court had no authority to correct, amend, alter or modify its September 16, 1975, judgment does not entirely end our consideration of the issues. "Courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when they are called upon to do so." 46 Am. Jur.2d *Judgments* § 898 (1969). "The rule with reference to the court's loss of jurisdiction over its judgments after the expiration of the term [changed to thirty days by Rule 75.01] ... merely bars the court's right to alter, modify or change them but does not preclude their enforcement as originally rendered." 49 C.J.S. *Judgments* § 585 (1947); *see also Abbott v. Seamon,* 229 S.W.2d 695, 700 [11] (Mo.App.1950). The question is whether the September 9, 1983, judgment may be construed as a proper exercise of the trial court's inherent authority to enforce the September 16, 1975, judgment.

The trial court, in the September 16, 1975, judgment, stated that violation of its terms would constitute a violation of § 407.110, RSMo.1978. The order of September 9, 1983, however, cannot be considered as rendered pursuant to § 407.110 because the monetary sanctions exceed $5,000.00 and because the money is not payable to the state.

Nor can the order of September 9, 1983, be considered as contempt punishment under Rule 74.33. Contempt is nowhere mentioned in the plaintiffs' motion for ancillary relief or in the September 9, 1983, judgment. That the trial court was aware of its contempt powers is evident from the September 27, 1977, judgment, which expressly cites the defendants for contempt.

In cases of contempt not committed in the immediate view and presence of the court, the alleged contemnor is entitled to notice of the accusation and reasonable time to make his defense. § 476.130, RSMo.1978. Lake Thunderbird, Inc. and George Hoesch did not have reasonable notice that they were accused of contempt; they had notice only of a motion for ancillary relief. "[W]hether the proceedings [for contempt] be civil or criminal, there must be an allegation that in contempt of court the defendant has disobeyed the order, and a prayer that he be attached and punished therefor." *Gompers v. Bucks Stove & R. Co.*, 221 U.S. 418, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911).

The September 9, 1983, judgment is void as an attempt to modify the September 16, 1975, final judgment. The 1983 judgment also fails as an attempt to utilize the court's power to enforce the 1975 judgment through Chapter 407, RSMo., or through contempt proceedings under Rule 74.33. No other authority has been given for the proposition that the 1983 judgment can be viewed as an attempt to enforce the 1975 final judgment. Other points of error need not be addressed.

The judgment is reversed.

SMITH and STEPHAN, JJ., concur.