David Jay BANDELIER, Appellant,

v.

Susan Anne BANDELIER, Respondent.

No. WD 42305.

Missouri Court of Appeals,
Western District.

March 27, 1990.

David J. Bandelier, Kansas City, pro se.

James W. Henry, Kansas City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

The issue in this case is whether a judgment of contempt against and an order of commitment for appellant entered in connection with a dissolution of marriage decree was based on valid notice to appellant of the date on which he was required to appear and show cause why his disobedience should not be punished. We find the notice in this case to have been defective and therefore reverse the judgment.

The marriage of appellant and respondent was dissolved by a decree entered June 8, 1988. Respondent petitioned the court on March 16, 1989 for an order directing appellant to show cause why he should not be held in contempt for his failure to pay child support as ordered in the decree and for other lapses in satisfying the dissolution decree's provisions. The order to appear and show cause was issued and appellant concedes the order was personally served on him. The order specified a hearing date of April 4, 1989.

On March 31, 1989, appellant filed a written motion for continuance with the court. Among other grounds, appellant stated that he needed time to retain an attorney. The record on appeal is barren of any entry showing disposition of appellant's continuance motion. From later events, however, it is apparent the cause was not taken up on the date specified by the court in its order as served on appellant. No record exists, either of any communication to appellant from the court on any date subsequent to the original show cause order.

Later, respondent's attorney prepared and sent to appellant successive "Notices of Hearing," the first advising appellant that respondent would call up her motion for hearing on May 1, 1989 and a second, similar notice for a hearing on June 5, 1989. Neither notice purported to order an appearance by appellant and he did not respond. On June 5, 1989, the court took evidence and entered the judgment and order which resulted in appellant being taken

into custody. After four days imprisonment, he was released on bond.

 Appellant contends the contempt judgment was fatally flawed because the proceeding lapsed when, on April 4, 1989, the court neither heard the case nor continued it to a date certain. We agree.

In *Simmons v. Megerman*, 742 S.W.2d 202, 206 (Mo.App.1987), this court expressly held that where an order to show cause is issued by the court and served on the alleged contemnor, the validity of later proceedings depends on action by the court taken on the return date stated in the order. In this case, it is obvious that the court did not pronounce its judgment on April 4, 1989, nor is there any record of action taken to deny appellant's motion for continuance or to reset the case for hearing at a later date. Under *Simmons,* the effect of the only court order to show cause served on appellant lost viability when the date set for the hearing passed without court action.

 Respondent, relying on the notices for hearings on May 1 and June 5, claims appellant had actual notice and if he had evidence to prove compliance with the terms of the dissolution decree, he should have appeared on the stated dates. The problem with this contention is that punishment for contempt depends, in the first instance, upon an order by the court giving the alleged contemnor notice of the specific acts of contempt with which he is charged and a time when he must appear to make his defense. *Lake Thunderbird Property Owners Assoc., Inc. v. Lake Thunderbird, Inc.,* 680 S.W.2d 761, 764 (Mo.App.1984). It is not a notice given by the opposing party's attorney which sets the cause in process, but action by the court.

So far as appears from the record presented here, the only action by the court in appellant's case was to set the original hearing, the date of which passed without any order of the court either to grant or deny appellant's continuance request, and also without any continuance of the cause to a future date. Indeed, the notices sent to appellant later do not speak of a prior continuance nor do they purport to have been issued based on any action taken by the court.

 In a circumstance where the alleged contemnor fails to appear on the date set in the show cause order, and for whatever reason, the hearing is continued by the court to another date, advice to the contemnor of such occurrence would be sufficient, even if given by opposing counsel, and preserves the viability of the original show cause order. That notice, however, must be based on action by the court continuing the case and not, as here, merely on the decision by the petitioner's attorney to revive the case by his own notice as a substitute for an order to show cause.

For the reasons stated, the judgment of contempt is reversed and appellant is ordered discharged with his sureties.

All concur.