**In re David DULY, Petitioner,**

v.

**Ted HEFLIN, Acting Superintendent, Municipal Correction Institute, Kansas City, Missouri, Respondent.**

**No. WD 48796.**

Missouri Court of Appeals, Western District.

April 19, 1994.

Cecil D. Williams, Kansas City, for petitioner.

Lucille Rizetta Myles, Scott Martin, Kansas City, for respondent.

Before HANNA, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

This is an original proceeding in habeas corpus. Petitioner, David Duly, filed his Petition for Writ of Habeas Corpus with this court on December 17, 1993. Duly is presently in the custody of the Municipal Correction Institute (MCI), following revocation of his parole pursuant to an order of the Circuit Court of Jackson County, Missouri. He alleges that his imprisonment is unlawful because the circuit court lacked jurisdiction to revoke his parole and return him to the correctional facility after he was granted an early release by administrative officials at MCI.

On January 20, 1992, Duly was arrested in Kansas City and charged with violating municipal ordinance § 34.116(a), driving while under the influence of intoxicating liquor. Duly was found guilty in municipal court and appealed his conviction to the circuit court. On September 24, 1992, Duly pled guilty to the DWI charge and was fined $250, sentenced to 180 days with the execution suspended and placed on probation for two years. As a condition of his probation, Duly was ordered to attend a counseling program. Because he subsequently failed to attend the counseling program, the court revoked Duly's probation and ordered him to serve 180 days at MCI.

On November 13, 1993, Duly was unconditionally paroled by the acting director, Bob Mohart, and the acting superintendent of MCI, Ted Heflin, after having served 53 days of the sentence. On November 19, 1993, the sentencing court issued "show cause" orders and a hearing was subsequently held to determine the lawfulness and propriety of Duly's early release from MCI. Following the show cause hearing, the court issued an order finding that Duly's release was improper and unlawful. On December 14, 1993, after a show cause hearing for commitment, the court set aside the order of early release and ordered Duly to return to MCI to serve

the previously imposed sentence of 180 days, less the 53 days already served. Duly was returned to MCI where he is currently incarcerated. On December 17, 1993, he filed his Petition for Writ of Habeas Corpus claiming he was unlawfully imprisoned because the circuit court did not have the jurisdiction to set aside a parole order granted by MCI officials.

The petitioner argues that his release by the MCI officials was valid and the court erred in voiding the early release and subsequently ordering him confined to serve the remainder of his sentence. Respondent [1] maintains that the circuit court was authorized to revoke Duly's parole pursuant to section 559.100, RSMo Supp.1993.[2]

■■■ Section 479.200, RSMo 1986, gives the circuit court jurisdiction over municipal court appeals. Furthermore, the courts have inherent power to enforce their own judgments and should see to it that such judgments are enforced when called upon to do so. *Lake Thunderbird Property Owners Ass'n, Inc. v. Lake Thunderbird, Inc.*, 680 S.W.2d 761, 763 (Mo.App.1984). The rule, with reference to loss of jurisdiction after entry of judgment, merely bars the court's right to alter or change its judgment, but does not preclude enforcement of the judgment as entered. *Id.* Although *Lake Thunderbird* is a civil case, we see no distinction in the jurisdictional authority of the court to enforce its judgment in a criminal case as opposed to a civil case.[3]

In regard to parole, section 559.100 grants authority to the circuit courts to parole persons convicted of offenses over which they have jurisdiction.[4] Section 217.650(4) defines parole as "the release of an offender to the community by the court or the state board of probation and parole prior to the expiration of his term, subject to conditions imposed by the court or the board and to its supervision; ...."

■■■ Pursuant to sections 559.100 and 217.650, the general rule is that the circuit court has jurisdiction to grant parole to a defendant already confined under a sentence by the court for an offense over which the court has jurisdiction. Therefore, pursuant to the general statutory scheme, the circuit court retains jurisdiction for purpose of parole.[5]

1. In addition to the respondent, the sentencing judge was given permission to file an amicus brief.

2. All statutory references are to RSMo Supp. 1993, unless otherwise specifically stated.

3. In *State v. Miller*, 169 Kan. 1, 217 P.2d 287, 293 (1950), the Supreme Court of Kansas recognized the inherent power of the court to enforce a judgment of execution in a criminal cause. We believe the jurisdictional authority of the Missouri courts to be the same.

4. Section 559.100 provides, in pertinent part, as follows:

    1. The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction, except as otherwise provided in sections 195.275 to 195.296, RSMo, section 558.018, RSMo, section 565.020, RSMo, section 571.015, RSMo, and section 559.115.

    The dissent interprets section 559.100 as being applicable to misdemeanors and felonies, but not municipal ordinances. However, the plain language of the ordinance states otherwise by authorizing the circuit courts to parole for an offense "over which they have jurisdiction." In support of its position in this regard, the dissent cites *City of Ferguson v. Nelson*, 438 S.W.2d 249, 254 (Mo. 1969).

    In *Ferguson*, the court held that section 546.830 (since repealed) did not apply to city ordinance violations. As noted by the court, section 546.830 (since repealed) provided as follows:

    Imprisonment for misdemeanor. Whenever any defendant shall, on a conviction, be sentenced to imprisonment in a county jail, or to pay a fine, he shall be imprisoned until the sentence is fully complied with and all costs paid, unless he be sooner discharged in the manner provided in section 546.850.

    *Id.*

    The court in *Ferguson* went on to note that: "[t]he section obviously refers only to state prosecutions, either for misdemeanors or mixed felonies. It refers to 'a county jail'; it is interspersed between sections which clearly concern only state prosecutions; and there is nothing in the wording of the statute which indicates that it should have any broader application." *Id.*

    Contrary to the case at bar, the language of section 546.830 (since repealed) specifically excluded its application to municipal ordinance violations. *Ferguson* has no application herein.

5. The dissent cites *State v. Hicks*, 376 S.W.2d 160, 163 (Mo.1964), for the proposition that judicial paroles under our statutory scheme are lim-

However, when a person is sentenced to the custody of the department of corrections, the state board of probation and parole is solely empowered to determine parole. § 217.655. The only exception to the authority of the state board of probation and parole is provided under section 559.115, which grants the circuit court authority to grant probation to a defendant any time up to 120 days after he has been delivered to the custody of the department of corrections.

■ In accordance with the statutory scheme, the circuit court loses jurisdiction over parole of a defendant, sentenced to the department of corrections, after 120 days. However, the circuit court retains jurisdiction over parole of a defendant sentenced to a county or city jail.[6]

■ Nonetheless, petitioner argues that his release from MCI was authorized by the Administrative Code, Code of General Ordinances, Kansas City, Missouri. However, we are not able to reach this argument because the ordinances upon which petitioner relies are not a part of the record before us.

■ Courts may not take judicial notice of city ordinances. *Drury Displays, Inc. v. Board of Adjustment,* 832 S.W.2d 330, 331 (Mo.App.1992). Petitioner has not referenced the record to show that the ordinances to which he cites in his argument were properly before the trial court and there is no stipulation between the parties as to the content of any applicable ordinance.

■ Petitioner has attached to his brief a photocopy of one of the ordinances. However, the authenticity of said ordinance is not certified or stipulated and there is no reference to the record from which the ordinance is taken. An ordinance attached as an appendix to a brief cannot be considered by an appellate court. *State ex rel. Freeze v. City of Cape Girardeau,* 523 S.W.2d 123, 127 (Mo.App.1975).

The dissent takes the position that because § 23.11 of the city ordinances is referenced in the briefs of the parties and was alleged in the pleading to be controlling, the ordinance was properly before the trial court and, therefore, properly before this court on appeal. We disagree. The briefs either only refer to certain ordinances generally or re-

ited to situations involving a circuit court's commitment to a county jail. However, *Hicks* was decided under the laws in effect in 1962 which are no longer operative. As noted in *Hicks,* section 549.201, RSMo 1959, at that time, defined parole as the release of a prisoner by the state board of probation and parole prior to the expiration of the prisoner's term. *Id.* However, under section 217.650(4), RSMo Supp.1993, as currently in effect, parole is defined as "the release of an offender to the community by the *court or the state board of probation and parole* prior to the expiration of his term, subject to conditions imposed by the court or the board and to its supervision; . . . ." (emphasis added). The court in *Hicks* went on to state in dicta that "[i]n certain instances the statutes refer to judicial paroles, but these provisions are evidently included in order to permit the parole of persons convicted of misdemeanors or sentenced to jail on graded felonies." *Hicks,* 376 S.W.2d at 163. Whatever value the dissent places upon this language in *Hicks,* it is nonetheless based upon statutory language which has since been changed in a fashion which negates the reliance of the dissent on *Hicks.*

Under the statutory language in effect at the time of *Hicks,* only the state board of probation and parole had authority to grant parole. However, under section 217.650(4), as currently in

effect, both the court and the state board have authority to grant parole.

6. This is not to say that a city or county is precluded from adopting provisions for parole of prisoners committed to its custody. However, as discussed herein, the record does not establish any such provision that might have been adopted by the city. The dissent argues that the circuit court is without authority to act in a capacity to review and reverse the decisions of a duly constituted paroling authority citing *Smith v. Missouri State Board of Probation & Parole,* 743 S.W.2d 123 (Mo.App.1988). This is not a question that we address, but we do not necessarily take exception to the position of the dissent in this regard. We are merely saying that the record does not establish that petitioner was in fact paroled under the guidelines and authority of a duly constituted paroling authority.

The parties reference the applicability of ordinances other than § 23.11 in their briefs. Some other ordinances in Chapter 23 of the Kansas City Code of Ordinances arguably have relevance to the issue presented. However, as discussed herein, none of these ordinances are before us. Ideally, we would have been provided with a certified copy of the entire Chapter 23 so that the issue could be fully addressed and the ordinances considered in proper context.

cite the text of a given ordinance differently. This does not establish any stipulation to a given ordinance implied or otherwise. The fact that the briefs reference an ordinance generally does not inform us of the language and content of the ordinance. The dissent assumes that the copy of the ordinance attached to the petitioner's brief is the duly enacted ordinance, § 23.11. We simply cannot make such an assumption.

The dissent cites *City of Kansas City v. Narron*, 493 S.W.2d 394, 401 (Mo.App.1973), in support of its position that this court can consider the copy of § 23.11 of the Kansas City Code of Ordinances, as attached to petitioner's brief, apparently as an exhibit to this appellate court, as a duly enacted ordinance that is properly before us. We do not find *Narron* applicable. In *Narron*, the record reflected that the ordinances in question were offered and received in evidence without objection. *Id.* Our record does not reflect that the ordinance in question, § 23.11, or other ordinances that the parties argue as relevant herein, were ever offered or received in evidence. Furthermore, in *Narron*, there was no conflict on appeal as to the terms of the ordinance in question as there is in the case at bar. *Id.*

Additionally, the dissent assumes that the copy of § 23.11, attached to the amicus brief is a summary of the ordinance. We do not know that to be the case. The fact is the language of § 23.11, as offered by the parties in their briefs on appeal, is in conflict.[7] It is not the fault of this court that we have not been presented with a proper record for review and we are not allowed to make assumptions on facts that are not before us.

The parties have not favored us with an official transcript and there is no record properly before us to show that ordinances were offered or received in evidence. As stated previously, the parties even disagree in their briefs as to the content of ordinances they argue to be relevant. We are simply not able to consider the city ordinances in

this cause. Since it is petitioner's burden to support his position under the record, his argument that his release was authorized by City Code fails. *See York v. Missouri Pacific R.R. Co.*, 813 S.W.2d 61, 62 (Mo.App.1991).

The record herein reflects that petitioner was sentenced to city jail, that the trial court had continuing jurisdiction over parole of petitioner, and inherent authority to enforce its judgment under the record presented herein. The trial court was within its authority in revoking petitioner's parole. The record does not establish that the City, by proper exercise of authority, established a parole system that divested the circuit court of jurisdiction or authority. As previously discussed, the ordinances upon which petitioner relies are not before us.

Petitioner's Petition for Writ of Habeas Corpus is denied.

BRECKENRIDGE, J., concurs.

HANNA, P.J., files dissenting opinion.

HANNA, Presiding Judge, dissenting.

I respectfully dissent from the majority opinion for the following reasons.

Duly was released under MCIs "emergency release program" due to overcrowded conditions at MCI pursuant to § 23.11 of the Revised Ordinances of Kansas City. Section 23.11 provides for the early release of prisoners. On November 19, 1993, the sentencing court issued separate orders to the acting superintendent and the acting director to show cause why the petitioners grant of early release from the courts sentence was "a lawful, proper order; and was not contrary to the City Ordinance of Kansas City, Section 23.11, and administrative procedures prescribed...." The orders required a showing as to why the remainder of the sentence should not be served. A hearing was subsequently held to determine the lawfulness of Dulys early release from MCI. Following the hearing, the court issued an order finding that the city had failed to follow the munici-

---

7. The text of § 23.11 as represented by Petitioner, gives the director of urban community services broad discretion for determining early release of prisoners while the version as offered by the amicus brief grants no discretionary authority to

the director. We cannot assume one version to be correct and the other incorrect without becoming an advocate for the position of one party over the other.

pal ordinances regulating early releases and, therefore, Dulys early release was improper and unlawful.

The court in this case did not grant petitioners parole; that was done by the duly constituted city administrative authority. Although the court revoked the petitioners parole it was not a revocation in the traditional sense, which occurs when a parolee violates a condition of his parole. In this case the petitioner violated no condition of parole, but the sentencing court nevertheless instituted a hearing to review the paroling authority's decision to determine whether it acted within the guidelines expressed in city ordinance § 23.11. Having found that the guidelines and ordinance were not followed, the sentencing court ordered the petitioner returned to MCI, declaring that the grant of parole by the administrative paroling authority was unlawful.

I believe that the majority's analysis does not address the real issue because it ignores city ordinance § 23.11(c). The ordinance is critical to a proper analysis of the events that took place in the trial court. By refusing to concede the existence of § 23.11, the majority avoids the real issue—did the trial court have jurisdiction to initiate, review, and reverse a parole decision of a properly constituted paroling authority? Instead, the majority decides the case on a non-issue—did the trial court have parole authority? I do not believe that the trial court had the power to grant or revoke parole except as it may have been granted by city ordinance, but if it did, it did not have jurisdiction to initiate a review and reverse the parole decision made by the city.

I believe that the authority to parole resides with the governmental entity that defines the crime and that authority must be expressed by rule, statute or, in this case, by ordinance. Section 23.11 of the Kansas City ordinances provides the authority for the citys director to grant parole. The ordinance does not place that authority with the court. The power to parole cannot be granted by inference or implication as the majority suggests, and the state statutes do not supply the authority. Nevertheless, even if the circuit court has parole powers over municipal ordinance sentences, a sentencing court has no power to initiate a hearing to review and reverse the parole decision of a properly constituted paroling authority.

The majority holds that § 23.11 is not before this court because we cannot take judicial notice of a municipal ordinance. The fact that the court cannot take judicial notice of the ordinance does not mean that it is not properly before the court. The admissibility of a city ordinance is no different than any other piece of evidence. It is properly admitted into evidence just as any other document, record or report. Because municipal ordinances may not be judicially noticed, they must be proven as any fact in a case. *Sirna v. APC Bldg. Corp.*, 730 S.W.2d 561, 566 (Mo.App.1987).

The trial courts show cause order issued to the acting director of MCI and to the petitioner made direct reference to § 23.11 because this ordinance was central to the courts inquiry into whether the paroling authority properly followed the guidelines of § 23.11 in granting the early release. Neither the show cause order nor any response from the respondents could ignore § 23.11. Further, the ordinance was prominently discussed in the trial court briefs, all of which have been made a part of the record here. All three briefs before this court mention and argue an interpretation of § 23.11. Attached to the petitioners brief is a copy of the ordinance.[1] Significantly, the parties to this writ have not raised any objection to the ordinance. Considering these facts and that the ordinance has been set forth in haec verba in the petitioners brief (See, e.g., *City of Kansas City v. Narron*, 493 S.W.2d 394, 401 (Mo.App.1973)), I believe we should consider that it is properly before this court. Under these facts, we should accept the ordinance as properly admitted.

Nevertheless, with or without the ordinance, the facts recited are such that the real issue cannot be ignored. Even if we do not

---

1. The majority correctly observes that the amicus curiae brief of the sentencing judge recites the ordinance but it obviously is a summary of the ordinance. The judges final order refers to this exhibit as "in essence" what the ordinance states.

acknowledge § 23.11s existence, the facts are that the petitioner was paroled by the properly constituted paroling authority of the city. The trial court, whose order is before us, reversed the city's decision to parole because the court found that the parole authority failed to follow the city ordinance. These facts, without acknowledging § 23.11, compel that we address the dispositive issue of whether a sentencing court has the authority to initiate, oversee, review and reverse the decision of the paroling authority in those cases when the paroling authority fails to follow the city ordinances.

Section 23.11(c) authorizes the director of urban community services to unconditionally release prisoners in the event of overcrowding at the institution. The ordinance states the following:

> (c) The director may also recommend parole for prisoners not in the above categories. Such may include but not be limited to the following: in the event of overcrowding at the institution, the director may unconditionally release from custody unsentenced or sentenced prisoners nearing the end of their sentence who have behaved meritoriously and had no significant problem while incarcerated. In addition, the director may allow early release of prisoners who have served at least one-third of their sentence and who have meritoriously participated in a program established to encourage good behavior and to facilitate such early releases.... A detailed administrative procedure shall be established to implement any such program.

The plain language of § 23.11(c) gives the director broad discretion to determine early release of prisoners from a municipal correctional institution. The record before us also shows that officials at MCI had established an "emergency release" procedure that it followed in emergency situations, such as overcrowding. Section 23.11 is the authority which provides for the early release of petitioner. This "emergency release" program was implemented at the discretion of the jail officials and was the basis for Dulys early release.

"The primary rule of statutory construction is to ascertain the intent of the lawmak-

ers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *State ex rel. Woodmansee v. Appelquist*, 687 S.W.2d 176, 176 (Mo. banc 1985) (quoting *State v. Kraus*, 530 S.W.2d 684, 685 (Mo. banc 1975)). The Missouri courts have not directly ruled whether a circuit court has the authority to grant or revoke parole for an individual committed to a city jail for violation of a city ordinance; nor have our courts decided whether a trial court may initiate an action to review the decisions of a properly constituted municipal authority.

In order to ascertain the intent of the legislature in setting forth the power of circuit courts to revoke probation or parole previously granted, it is helpful to examine some of the statutory precursors of § 559.-100. Traditionally, a dual system of granting and revoking paroles has existed in Missouri—one set of statutes governing "judicial paroles" and another set governing "state board paroles." *Woodmansee*, 687 S.W.2d at 176–77. A "judicial parole" statute authorizes the circuit court to grant parole or probation and to revoke the parole or probation previously granted by the court. The "board parole" statutes, on the other hand, authorize the state parole boards to grant and revoke paroles. This "dual system" still exists today. Section 217.765 was repealed in 1990 and replaced by § 559.100 in substantially the same language. Although several of the original statutes have been repealed or amended, much of the substance of those statutes remains in the more recent statutes. Id.

Prior to repeal, judicial paroles were governed by §§ 549.058 through 549.197, RSMo 1969. Specifically, § 549.101 addressed "judicial paroles" only and was repealed in 1979. After the repeal of § 549.101, there was no similar statute authorizing the revocation of judicial parole until 1982. In 1982, § 217.765 took effect and authorized the circuit courts to revoke parole and probation previously granted by the court. Section 217.765 was repealed in 1990 and the legislative notes following that section make reference to §§ 559.100 through 559.115, RSMo Supp.

1990, which took effect after §§ 217.765 through 217.775 were repealed.

The statutory scheme outlined in the Missouri statutes allows only the Board of Probation and Parole to parole individuals sentenced to the department of corrections. Under our statutes, no judicial parole may be granted to those individuals sentenced to the department of corrections. Instead, judicial parole is limited to those cases where the defendant is sentenced to county jail. The Missouri Supreme Court in *State v. Hicks,* 376 S.W.2d 160 (Mo.1964), described the dual system of parole. The court explained that the statutory references to judicial parole are included in the Missouri statutes "in order to permit the parole of persons convicted of misdemeanors [which carry a sentence of one year or less] or sentenced to jail on graded felonies." *Id.* at 163.

The majority (and respondent) rely on § 559.100 as authority for the circuit courts actions in revoking Duly's parole. Section 559.100 provides, in pertinent part:

1. The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction. . . .

2. The circuit court shall have the power to revoke the probation or parole previously granted and commit the person to the department of corrections. The circuit court shall determine any conditions of probation or parole for the defendant that it deems necessary to ensure the successful completion of the probation or parole term. . . . The probation or parole may be revoked for failure to . . . conform his behavior to the conditions imposed by the circuit court.

(Emphasis added).

I do not agree that the legislature intended for this statute to give authority to the circuit courts to revoke paroles which were not judicially granted, either for violations of state statutes or municipal ordinances. While subsection 1 gives the circuit courts the power to grant probation and parole, subsection 2 authorizes the courts to revoke the probation or parole "previously granted." (Emphasis added). The language of the statute explains that the "probation or parole previously granted" under subsection 2 refers back to the probation or parole granted by the court under the authority of subsection 1. Assuming the statute is applicable to municipal ordinances, in this case there was no "previously granted" parole. Therefore, § 559.-100.2 should not stand as authority for the actions of the trial court.

Further, subsection 2 authorized the court to revoke parole "for failure to conform his behavior to the conditions imposed by the circuit court." The circuit court did not impose any conditions of parole at the time it revoked petitioners probation and ordered him to jail. The statute should not be construed to allow the sentencing court to revoke a defendants parole because the sentencing court considered the parole to have been improvidently granted by the parole board.

The majority cites two cases as supporting its position. They both contain fine sounding abstract statements of law but neither case factually supports the majority's position. First, it claims that *Lake Thunderbird Property Owners Assn, Inc. v. Lake Thunderbird, Inc.,* 680 S.W.2d 761, 763 (Mo.App.1984), provides the basis for a courts "inherent power to enforce their own judgments and . . . see to it that such judgments are enforced when called upon to do so." The present case is distinguishable in that it is writ of habeas corpus that does not deal with a civil case, and further, the trial judge took it on its own initiative to commence the proceedings. In fact, the *Lake Thunderbird* court held that the trial court did not have authority to enforce its judgment because the trial court was without jurisdiction and, therefore, had no authority to modify its final judgment. *Id. Lake Thunderbird* is not authority for the actions of the court here.

In *State v. Miller,* 169 Kan. 1, 217 P.2d 287 (1950), Miller was sentenced to death but the date finally set by the state Supreme Court for execution passed without the execution taking place. The Kansas Supreme Court held it had the power "to fix a new date for the execution of the defendant. . . ." *Id.* 217 P.2d at 293.

On the other hand, our Supreme Court has instructed that there are limitations on the extent of the trial courts jurisdiction to enforce its judgment, specifically limiting the jurisdiction only as it may be granted by statute or rule. In a habeas corpus matter, the court in *State ex rel. Simmons v. White*, 866 S.W.2d 443 (Mo. banc 1993), stated:

> [O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule.

*Id.* at 445 (emphasis added).

No rule or statute has been cited here which provides the authority for the trial courts action. The circuit courts grant of power to parole from misdemeanors and graded felonies should not be extended to give authority to parole from convictions of city ordinance violations. These statutes, §§ 559.100, 217.650, and 217.655, are state statutes concerned only with state prosecution and "there is nothing in the wording of the statute[s] which indicates that [they] should have any broader application." *City of Ferguson v. Nelson*, 438 S.W.2d 249, 254 (Mo.1969). In *Ferguson*, our Supreme Court reviewed an appeal of a defendant convicted of a city ordinance and held that a state statute, § 546.830, concerned with imprisonment for a misdemeanor, was not applicable to a municipal judgment because it was strictly a substantive criminal statute. *Id.* at 255. The same reasoning applies here. The state statute is concerned with the authority of the State Board of Probation and Parole and the circuit courts to grant probation and parole for violation of state laws. Those state statutes are not controlling of a municipal judgment.

Authority to parole city ordinance cases cannot be granted by inference or implication. The law of parole is a matter of express statutory law in Missouri. *Ex parte Diehl*, 255 S.W.2d 54, 55 (Mo.App.1953). Therefore, the power to grant and revoke parole should not be judicially granted absent a clear authorization by statute or city ordinance. The majority concludes that

since circuit courts have been granted statutory right of parole except when the individual is committed to the department of corrections, it follows that the circuit courts have authority to parole individuals who have been sentenced to a municipal correction institution pursuant to a city ordinance. On the contrary, Hicks explains that judicial paroles under our statutory scheme are limited to situations involving a circuit courts commitment to a county jail. *Hicks*, 376 S.W.2d at 163. The majority must have inferred the authority because there is no express grant of it in § 559.100 over municipal ordinance sentences.

Municipalities have the authority to define a crime within its borders (within certain obvious constitutional and statutory limitations), see *Kansas City v. La Rose*, 524 S.W.2d 112, 117–18 (Mo. banc 1975), and neither the courts nor the state statutes may interfere. Kansas City, a constitutional charter city:

> may enact all needful ordinances for preserving order, securing persons or property from violence, danger and destruction, protecting public and private property ... and to prescribe and impose, enforce and collect fines, forfeitures and penalties for the breach of any provisions of such ordinances by fine or imprisonment, or by both fine and imprisonment....

§ 82.300 RSMo Supp.1993. See, e.g., *Kansas City v. Henderson*, 468 S.W.2d 48, 53 (Mo.1971) (the city has "authority to enact the ordinance prohibiting stealing and to provide punishment therefor of a fine or imprisonment, or both.").

The circuit courts jurisdiction to hear an appeal from a judgment in municipal court is derivative only. *City of Mexico v. Merline*, 596 S.W.2d 475, 477 (Mo.App.1980). In that respect the authority for the sentence imposed by the circuit court depends upon the municipal ordinances. *City of Ferguson v. Nelson*, 438 S.W.2d 249, 254 (Mo.1969). In other words, the crime and sentencing range are determined by the municipality's legislative body. A part of every sentence is the grant or denial of probation or parole.[2] The penalty, or sentence, is a function of the

---

2. As an example of legislatives authority to deny

probation and parole, see § 571.015, RSMo

governmental entity defining the crime and if the penalty conforms to constitutional and state statutory directions, the authority to grant or withhold parole or probation must reside with that municipality. That is a legitimate determination of the city's legislative body and not the state statutes. Therefore, whether to parole or not resides with the city (§ 23.11) and cannot be superimposed by state statute.

Assuming arguendo, that the majority correctly holds that Missouri statutes give the circuit court the authority to grant parole in municipal ordinance cases, that power does not authorize the result reached by the majority. The majority attaches importance to that part of the statute which grants authority to the court for offenses over which the court has jurisdiction. Of course, a court must acquire jurisdiction of the offense or it cannot act at all. The court here certainly had jurisdiction over the offense as trial de novo is provided for by § 497.200, RSMo 1986. We must acknowledge that jurisdiction ends at some point. The majority contends that jurisdiction continues a good deal longer than the law allows. I do not agree that § 559.100 gives the circuit court parole authority over municipal ordinance sentences, but if it does, the question is at what point the courts jurisdiction terminates. I believe it ended when the court revoked the petitioners probation and ordered him to jail. Under no circumstances can the state statutes be construed as authority for the circuit court to act in a capacity to review and reverse the decisions of a duly constituted paroling authority. See *Smith v. Missouri State Bd. of Probation & Parole*, 743 S.W.2d 123 (Mo.App.1988). In *Smith*, the prisoner complained that the boards decision was arbitrary, capricious and unreasonable because it was based on inaccurate and erroneous information. *Id.* at 124. This court held that "[t]he circuit court lacked jurisdiction to review [the State Board of Probation and

Paroles] decision...." *Id.* at 125. If a state court judge does not have the authority to review a decision of the State Board of Probation and Parole, the state statutes cannot, directly or by implication, convey the power to review the decision of a municipal paroling authority.

After a review of the statutory and case law relating to a circuit courts power to grant and revoke parole, I believe that the revocation authority granted to circuit courts under § 559.100.2 applies only to judicial paroles previously granted by the court in those cases where the sentence has been to the county jail. It does not extend to administrative paroles granted by the properly appointed paroling authority of the city. Further, more to the issue in this case, the statutory scheme in this state does not grant the circuit court parole authority to review cases involving parole from city ordinance violations by a duly constituted paroling authority. In view of the foregoing and absent any case authority to support a contrary interpretation, I would conclude that it was not the intent of the legislature to authorize circuit courts, under § 559.100.2, to oversee and revoke administrative paroles granted by a municipal correctional facility. The city was authorized to release the petitioner under § 23.11, albeit the decision did not follow the ordinance and city guidelines.[3] The trial courts authority to act on this matter ended with its order revoking the petitioners probation and committing him to the city jail.

Therefore, I would find the order setting aside petitioners early release is void and grant the writ of habeas corpus and order the petitioner released from confinement and placed on parole status or otherwise, as appropriate.

1986, in which the state of Missouri has declared that probation and parole are not available to individuals convicted of armed criminal action.

**3.** Certainly, a parole authority cannot blatantly disregard its guidelines or the law to the detriment of society. There is a duty to act in good faith to the community at large. It may be that the prosecutorial arm of the particular governmental entity has authority to correct errors of

the parole board. See, e.g., *In re Hawley*, 192 N.J.Super. 85, 469 A.2d 88, 90–93 (App.Div. 1983), affd., 98 N.J. 108, 484 A.2d 684 (1984). However, if this were the law in Missouri it would not be authority for the trial courts decision. The action is initiated by an entity other than the sentencing court and that is a critical distinction.